ROBERTS, Justice.
A rule nisi in prohibition was entered on suggestion of relators after consideration of the petition, objections and briefs of interested parties and the hearing of oral argument. Further oral argument having been dispensed with, we now proceed to dispose of the matter on the merits.
Final judgment was entered by the Circuit Court prohibiting and enjoining Steve and Marie Tsavaras from continuing to build a dwelling house within twenty-five (25) feet of the rear lot line in a section of platted lots in Tarpon Springs, Florida. It was further ordered that the portion of the house already constructed be removed from the prohibited area. The final judgment was based in part upon the trial court’s interpretation of a municipal ordinance of the City of Tarpon Springs relating to zoning and set back lines.
Appeal was taken to the District Court but prior to the hearing the city amended its zoning ordinance so that the area which had previously been designated “rear yard” would be defined as “side yard.” After the case was heard, the District Court of Appeal, Second District, entered an order stating:
“This matter came on to be heard on appellants’ motion for appropriate relief; and it appearing that the final judgment from which the appeal is taken consists, in essence, of a judicial construction of a certain section of a zoning ordinance of the City of Tarpon Springs relating to set-back lines restricting the construction of permanent improvements on platted lots; and it further appearing that subsequent to the aforesaid final judgment, and because thereof and with specific reference thereto, the Board of Commissioners of the City of Tarpon Springs amended the aforesaid zoning ordinance so as to expressly clarify the intent thereof; and it further appearing that in view of the foregoing amendment of the zoning ordinance the circuit judge may well wish to reconsider the conclusions reached in the judgment appealed from, but has lost jurisdiction therefor because of this appeal; and it being otherwise in the interest of justice and expediency that the circuit judge have further opportunity to review the substances hereof in the light of existing circumstances, it is thereupon
“ORDERED that jurisdiction of this cause is hereby temporarily relinquished, and the matter is remanded to the trial court for further proceedings and determination as he may be advised.” (emphasis supplied)
Relators suggest that the appellate court had no jurisdiction to temporarily relinquish jurisdiction before the appeal was heard and that the District Court must proceed with the appeal on the record already made.
We hold that although jurisdiction rests in an appellate court upon the filing of a notice of appeal the court has the discretion, in the interest of justice, to temporarily relinquish jurisdiction for certain specified purposes. Cf. D’Agostino v. Peoples Water and Gas Company (Fla.1955), 78 So.2d 739; ABC Liquors, Inc. v. State (Fla.App.1965), 179 So.2d 256; General Capital Corporation v. Tel Service Co. (Fla.App.1968), 212 So.2d 369.
For the reasons above stated it appears that the respondents acted within the orbit of their jurisdiction so the rule nisi heretofore issued is dissolved and the cause—
Dismissed.
DREW, THORNAL and CARLTON, JJ., concur.
ERVIN, C. J., dissents.