PIERCE, Chief Judge.
Steve Tsavaras and Marie Tsavaras, his wife, defendants below, appealed from an order enjoining them from continuing with the construction of that portion of the main building (referred to as a Florida room) lying within twenty-five feet of their rear lot line, and ordering them to remove the same within sixty days.
The lower Court construed certain sections of a zoning ordinance of the City of Tarpon Springs relating to set-back lines to give effect to requirements of both a front and back yard on the Tsavarases’ corner lot, and found that the Tsavarases’ Florida room extension was in violation of the rear yard requirement. The ordinance provided that where a lot is located at the intersection of two or more streets, there must be a front yard on each side street of a corner lot.
After an appeal was taken to this Court, but before the hearing, the City amended its zoning ordinance by providing that “in the case of through lots and corner lots there will be no rear yard, but only front and side yards.”
The Tsavarases petitioned this Court for relief, alleging, inter alia, that the zoning *790 ordinance “now defines” as a “side yard” that portion of their property which the lower Court had previously determined to be a “rear yard”, and that they were not and would not in the future be in violation of the zoning ordinance if allowed to continue the construction of their residence. Jurisdiction of the cause was thereupon temporarily relinquished by this Court and the cause remanded to the trial Court for further proceedings and determination in light of the amendment.
Upon suggestion for Writ of Prohibition the Supreme Court held that this Court acted within the orbit of its jurisdiction in temporarily relinquishing jurisdiction for a certain specified purpose, Lelekis v. Liles, 240 So.2d 478.
Pursuant to a motion of the Tsavarases for reconsideration and modification of the final judgment, the lower Court entered its order reaffirming its findings of fact and conclusions of law contained in the final judgment, but modified it to the extent that the Tsavarases not be required to remove the portion of the dwelling house lying within twenty-five feet of said rear lot line, pending final disposition of the appeal. The lower Court was disinclined to modify its final judgment on account of things happening subsequent to judgment, and felt that the present state of the law made such authority appear dubious.
The Florida Supreme Court held in Florida East Coast Railway Company v. Rouse, Fla.1967, 194 So.2d 260, that appellate Courts will dispose of the case according to the law prevailing at the time of the appellate disposition, and not according to the law prevailing at the time of the rendition of the judgment appealed. In many instances Florida appellate Courts have temporarily relinquished jurisdiction of causes to the lower Courts for reconsideration in light of legislation enacted subsequent to the entry of the final decrees or judgments and filing of notices of appeal. Northeast Polk County Hospital District v. Snively, Fla.1964, 162 So.2d 657; Myers v. Board of Pub. Assist. of Hillsborough County, Fla.1964, 163 So.2d 289; ABC Liquors, Inc. v. State, Fla.App.1965, 179 So.2d 256; General Capital Corporation v. Tel Service Co., Fla.App.1966, 183 So.2d 1.
In Tel Service Co. v. General Capital Corporation, Fla.1969, 227 So.2d 667, the Supreme Court upheld this Court (212 So.2d 369) in a usury action holding a statute enacted subsequent to the entry of the final decree applicable to the cause, on the theory that an action predicated on remedies provided by the usury statutes creates no vested substantive right but only an enforceable penalty.
In the case sub judice the Le-lekises would not be deprived of their vested substantive rights by the application of the amendatory ordinance. They do not have a vested property right in the zoning ordinances of the City. There were doubts about the interpretation of the original zoning ordinance. Since its adoption in 1954 the administrative interpretation of the same was not to allow or require a “rear yard on corner lots or through lots.” The lower Court rejected the administrative interpretation, and construed the ordinance to mean that corner lots should have both front and rear yards. The amendatory ordinance, adopted while this case was on appeal and with particular reference to this case, did not change the zoning ordinance, but merely confirmed and ratified the administrative interpretation and clarified the language defining “rear yards.”
We hold that the lower Court erred in not applying the amendatory ordinance to the present controversy on remand. We, therefore, reverse the order on remand, with directions that the previous orders be vacated and set aside.
Reversed and remanded.
LILES and HOBSON, JJ., concur.