272 So.2d 171 (1973)
The CITY OF BOYNTON BEACH, a Florida Municipal Corporation, Appellant,
v.
The Most Reverend Coleman F. CARROLL, As Archbishop of the Archdiocese of Miami, His Successors in Office, a Corporation Sole and Stuart Fuller, As Building Official of the City of Boynton Beach, a Municipal Corporation, Appellees.
No. 72-167.
District Court of Appeal of Florida, Fourth District.
January 23, 1973.
Robert F. Griffith, Jr., and Gene Moore, of Griffith & Moore, Boynton Beach, for appellant.
Joseph M. Fitzgerald, Miami, for appellees.
CROSS, Judge.
Appellant-respondent, The City of Boynton Beach, appeals a final judgment granting a peremptory writ of mandamus compelling the City and its building official to issue a building permit to the Most Reverend Coleman F. Carroll, appellee-petitioner. We reverse.
*172 Reverend Carroll had applied to the City of Boynton Beach (City) for permission to build a seven story apartment complex for the elderly. In June 1971 Reverend Carroll submitted his preliminary plans of the apartment complex to the City for approval. The City concedes that the plans are basically conforming to city ordinances in effect at that time. However, a dispute arose between Reverend Carroll and the City over the proposed height of the building as the City had been preparing a new master plan and zoning map which contained a provision that no building shall be higher than 45 feet (approximately four stories). On November 11, 1971, the City published a notice of a public hearing to consider the adoption of a zoning ordinance amendment which would impose a building height limitation of 45 feet. On November 17 Reverend Carroll made an application for a building permit, which was denied by the building official because the City had passed a resolution prohibiting the building official from issuing a permit for any proposed buildings higher than 45 feet. (This was the only application for permission to construct a building higher than 45 feet.) On November 23 the ordinance was read for the first time, and it was subsequently adopted on December 7, 1971 at the second and final reading.
Reverend Carroll attempted to obtain a variance for his proposed project, and upon denial of his request, he filed on December 30, 1971, a petition for mandamus seeking to compel the issuance of the permit. The petition does not contain any allegations that the ordinance restricting the height of buildings was adopted in bad faith or arbitrarily, nor does it contain any allegations that the ordinance does not bear a substantial relation to the health, morals, welfare or safety of the public. After issuing an alternative writ and holding a hearing upon the City's answer, the trial court granted the peremptory writ and ordered the building permit issued. This appeal followed.
The City contends that the trial court erred in granting the peremptory writ of mandamus as the City was not under any clear legal duty, if any duty at all, to issue a building permit in violation of its amendment to its zoning ordinances. To determine whether or not a clear legal duty existed, two determinations must be made. First, what ordinance governs  the ordinance in effect at the time the application was filed, or the ordinance in effect at the time the final judgment granting the peremptory writ was rendered. Second, if the ordinance in effect at the time the peremptory writ was granted is determined to control and it differs from the ordinance in effect at the time the application was made, did the applicant acquire any vested right which would require the application of the ordinance in effect on the date of the application?
Turning first to the question of what ordinance governs, the general rule in suits of this nature is that the law in effect at the time of the final decision governs, notwithstanding the fact that there has been a change in the law since the time of application. This rule is especially applicable where, as in the case sub judice, the application for a permit was made after the publication of the required notice prior to amendment of the ordinance. Broach v. Young, 100 So.2d 411 (Fla. 1958) (dissenting opinion); Davidson v. City of Coral Gables, 119 So.2d 704 (Fla.App. 1960); Tice v. Borough of Woodcliff Lake, 12 N.J. Super. 20, 78 A.2d 825 (1951); Concord Garden Apts. v. Board of Adjustment, 1 N.J. Super. 301, 64 A.2d 355 (1949); 101 C.J.S. Zoning § 251 (1958) and cases cited n. 81; cf., City of Coral Gables v. Sakolsky, 215 So.2d 329 (Fla.App. 1968) and cases cited therein (law at time the suit is filed controls). The ordinances in effect at the time of the final judgment imposed a building height limitation. Therefore, under the ordinances in effect at the time the trial court decision was rendered, the City was under *173 no duty to issue the building permit as to have done so would have been in violation of a duly enacted amendment to its zoning ordinances.
We now turn to the second question: whether a vested right to a building permit was created by petitioner's application for a permit at a time when the proposed building was not in violation of the zoning ordinances. Florida law since 1945 has been clear that possession of a building permit does not create a vested right, and that a permit may be revoked where the zoning law has been amended subsequent to the issuance of the permit in the absence of circumstances which would give rise to equitable estoppel. Sharrow v. City of Dania, 83 So.2d 274 (Fla. 1955); Miami Shores Village v. Wm. N. Brockway Post No. 124, 156 Fla. 673, 24 So.2d 33 (1945); State ex rel. Jaytex Realty Co. v. Green, 105 So.2d 817 (Fla.App. 1958); City of Fort Lauderdale v. Lauderdale Industrial Sites, 97 So.2d 47 (Fla.App. 1957); 101 C.J.S. Zoning § 261 (1958); 8 E. McQuillan, Municipal Corporations, Zoning §§ 25.155-56 (3d Ed. Rev. 1957); See Broach v. Young, supra; but see City of Hollywood v. Pettersen, 178 So.2d 919 (Fla.App. 1965). It follows then, and it has been so held, that if the possession of a building permit does not create a vested right, then a mere application for a building permit cannot create a vested right. Los Angeles v. Superior Court, Cal. App., 34 Cal. Rptr. 161 (1963); Chicago Title & Trust Co. v. Palatine, 22 Ill. App.2d 264, 160 N.E.2d 697 (1959); In re A.N. "AB" Young Co., 360 Pa. 429, 61 A.2d 839 (1948); but see City of Hollywood v. Pettersen, supra.
In the instant case, no claim of equitable estoppel has been presented by the appellees. Therefore, no vested right was created by the appellees' application for a building permit prior to the adoption of the height limitation amendment. In the absence of a vested right, the appellees cannot claim that the ordinance in effect at the time of the application controls and we must therefore apply the ordinance in effect at the time the final decision was rendered, under which, as stated above, the City was under no duty to issue the building permit.
Accordingly, the final judgment is reversed, the peremptory writ of mandamus is vacated and set aside, and the cause remanded with directions to discharge the alternate writ and dismiss the petition for writ of mandamus.
Reversed and remanded, with directions.
REED, C.J., and WHITE, JOSEPH S. (Ret.), Associate Judge, concur.