DEKLE, Justice.
The petition for writ of certiorari reflected apparent jurisdiction in this Court on the basis of a direct conflict between the decision of the Third District Court of Appeal in the instant cause, reported at 254 So.2d 51, and the case of Boynton Beach v. Carroll, 272 So.2d 171 (Fla.App.4th 1973). Upon further consideration of the record before us and having heard oral argument, we find no direct conflict to sustain jurisdiction and must therefore discharge.
Boynton Beach v. Carroll, supra, held as applicable the building codes, regulations, etc., in effect at the time of final decision of the suit, rather than those applying at the time the application for building permit was filed; the distinction between the ordinances at these two times arose from an amendment in the applicable ordinance enacted between the time the building permit application was filed and the date on which the suit was filed. In the instant case, however, the amendment was not made before filing of the suit, but rather between the date on which the suit was filed and the date of final determination. Although there is language in Boyn-ton Beach v. Carroll, supra, to the effect that the law at the time of final determination governs, this must be considered in light of the fact that, in Boynton, the law as of final determination of the suit was the same as the law as of the date of filing of the suit. The decision of the 3d DCA sub judice did not apply the law as of the time of application for a building permit; it applied the law as of the date of filing of the suit, as in Boynton Beach v. Carroll, supra, where the court likewise applied the law as of the date of filing of the suit, albeit by another name. Hence, no conflict appears, thus no jurisdiction here.
*492 Additionally, we have considered sua sponte the possibility of a conflict between the decision below and Tsavaras v. Lelekis, 246 So.2d 789 (Fla.App.2d 1971). In Lelekis property owners had been enjoined from certain construction on the basis of violation of set-back requirements, the trial court construing these provisions in a manner contrary to prior administrative interpretations. While appeal was pending, the city amended these provisions to clarify ambiguous language therein and to confirm the prior administrative interpretation. It was held that the case was to be determined in accordance with the clarifying amendatory ordinance. In the instant case, on the other hand, the amenda-tory ordinance was not a clarification of ambiguous provisions, but had the effect of changing the law after suit was filed. Sub judice the amendatory ordinance after suit was filed clearly increased (not clarified) the number of parking spaces required for the structure in question; additionally, respondent was permitted under the original ordinance to utilize on-street parking spaces in computations, but was prohibited from doing so under the later amendatory ordinance. This is unlike Tsavaras v. Lelekis, supra, wherein the court was concerned only with applicability of a clarifying amendment. No conflict exists here.
Other cases cited by petitioner as being in direct conflict with the decision below involve such matters as liquor licenses, and are not in direct conflict which would give jurisdiction to this Court pursuant to Art. V, § 3(b) (3), Fla.Const., F.S.A.
There being no direct conflict as required by Art. V, § 3(b)(3), this Court is without jurisdiction to proceed in this cause. Therefore, the writ must be and is hereby discharged.
It is so ordered.
ROBERTS, BOYD, McCAIN and CARLTON (Retired), JJ., concur.
ERVIN, J., dissents with opinion, in which ADKINS, C. J., concurs.