ERVIN, Justice
(dissenting) :
It appears to me that the rationale of Boynton Beach v. Carroll (Fla.App.4th 1973), 272 So.2d 171, and Tsavaras v. Lelekis (Fla.App.2d 1971), 246 So.2d 789 and Lelekis v. Liles (Fla.), 240 So.2d 478, as well as that of several peripheral cases dealing generally with city permit authorizations, is that in the absence of bad faith or estoppel, a municipality may validly change a zoning regulation prior to final determination of zoning litigation.
On the merits of this case I do not find from the record that the City Council of the City of North Miami Beach has ever issued petitioner a valid permit to construct its apartment in the location applied for to a height of seven stories or in any other manner gave its consent therefor. As I read the record, the lower courts took charge of the matter of granting the permit to petitioner and ignored the authority of the municipality to restrict the height of the apartment building either initially or before determination of the appeal to the District Court. No showing is made that any construction of the apartment was ever commenced or that any estoppel or bad faith on the part of the municipality occurred.
I would quash the decision of the District Court on the authority of the cases first cited herein.
ADKINS, C. J., concurs.