298 So.2d 439 (1974)
TOWN OF PALM BEACH, a Florida Municipal Corporation, et al., Appellants,
v.
ROYAL PALM BEACH HOTEL, INC., a Florida Corporation, Appellee.
No. 72-637.
District Court of Appeal of Florida, Fourth District.
July 19, 1974.
Rehearing Denied August 28, 1974.
*440 Chester Bedell and John A. De Vault, III of Bedell, Bedell, Dittmar, Smith & Zehmer, Jacksonville, and H. David Faust of Burns, Middleton, Farrell & Faust, Palm Beach, for appellants.
H.L. Cooper, Jr., of O'Connell & Cooper, West Palm Beach, for appellee.
PER CURIAM.
This is a zoning case involving two lots owned by Plaintiff in the Town of Palm Beach.
The lots were zoned R-C under the terms of the Town's 1970 Comprehensive Zoning Ordinance No. 3-70. Plaintiff was aggrieved by the classification and sued the Town. Plaintiff charged that either the whole ordinance was void or at least it should be made less restrictive as applied to its property.
Trial was had. Judgment was entered for the Plaintiff. The Town appeals. We reverse and remand with instructions.
The judgment findings reflected much thought, analysis and a thorough acquaintance with the area. It surveyed in depth the respective uses, history, development and Ordinance No. 3-70 classifications, and interplay thereof, of many properties lying to the east, west, south and north of the two lots. The judgment concluded from the whole picture that the total plan was valid; however, the ordinance was deemed unreasonable and too restrictive as applied to the two lots. More specifically, the gravamen was:
"It is thereupon ORDERED and ADJUDGED that Zoning Ordinance 3-70 is arbitrary and unreasonable as applied to Lots 31 and 32, Block F, Royal Park Addition to the Town of Palm Beach, and thus unconstitutional; that said property should be zoned no more restrictively that R-D under Zoning Ordinance 3-70." (Emphasis supplied).
The Town appealed. We duly took the issues under advisement, a condition that has continued until now.
Here we come to the critical, anomalous, unforeseen and intervening event. Opinions were entered in these cases: IDS Properties, Inc. v. Town of Palm Beach, 279 So.2d 353 (4th D.C.A.Fla. 1973); Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. op'n issued May 1, 1974). In sum, the Town's Comprehensive Zoning Ordinance No. 3-70 was declared void in toto from its inception because of a violation *441 of Florida's Government in the Sunshine Law. F.S. § 286.011 (1971).
We are obliged to determine the current appeal in the light of current law. Goodfriend v. Druck, 289 So.2d 710 (Fla. 1974); Ingerson v. State Farm Mutual Automobile Ins. Co., 272 So.2d 862 (3d D.C.A.Fla. 1973); Van Meter v. Murphy, 287 So.2d 740 (1st D.C.A.Fla. 1973); Northeast Polk County Hosp. District v. Snively, 162 So.2d 657 (Fla. 1964); See Diffenderfer v. Central Baptist Church of Miami, Fla., Inc., 404 U.S. 212, 92 S.Ct. 574, 30 L.Ed.2d 567 (1972); Fla. East Coast Ry. Co. v. Rouse, 194 So.2d 260 (Fla. 1967). And so we solicited counsel's additional advices in light of the two mentioned Sunshine Law cases. They graciously responded and we have considered their views.
The Town seeks to have the cause remanded for further trial court consideration. The Plaintiff wishes us to ignore the fact that the ordinance is and was void and to simply determine the appeal on the merits, regardless.
In passing, we recognize that when Ordinance No. 3-70 was deemed void, such finding necessarily included its repealer clauses. The previous land zonings thereby sprang back into existence. We are now advised that on March 26, 1974, the Town enacted a new Comprehensive Zoning Ordinance, No. 2-74. It is compellingly observed that this is not simply a re-enactment of the void Ordinance No. 3-70 in the sunshine.[1] Rather, its terms and zonings and classifications are new and different when compared to Ordinance No. 3-70. For instance, the zoning of Plaintiff's lots was considerably liberalized in Ordinance No. 2-74 when it was classified as C-B under a newly formed District.[2]
Under the now circumstances, which have not been litigated in the trial court, we do not officially know if the new classification would be acceptable to the Plaintiff. Neither do we know, were Plaintiff permitted to keep the benefit of the appealed judgment, if the neighboring owners affected by the new changes would be in a different position and different frame of mind at this time. It is possible they would wish to protest and intervene to be heard because of some new differential that might thereby be created. In other words, the chain of events has left a field of irresolution. We think it can only find correct solution and afford proper process across the board by a new look and new adjudication at the trial level, prosecuted by those who may be aggrieved.
Next, we observe that the action of the courts in erasing Ordinance No. 3-70 from the records was consistent with the efforts of the Plaintiff and contra to the wishes of the Town. The Town defended and sought to uphold its ordinance throughout. Thus, the action of the Town in enacting its current ordinance, No. 2-74, to fill the void was the consequence, at least as to the Town, of unforeseen and unwanted judicial action. It was in nowise occasioned by any wrongful design or effort on the part of the Town to leap-frog or circumvent the judicial process and take advantage of the Plaintiff.
Finally, we have re-examined and re-studied the appealed judgment in view of what we have said. Plainly, if we scissor out all reference to the void ordinance and its classifications, the findings and decision under review are meaningless. Further, *442 neither the Town, nor we, could appropriately administer that judgment in the future except by ignoring the fact that Ordinance No. 3-70 has been declared illegal and void ab initio, and by ignoring the fact that at a later point in time the Plaintiff's lots and all other neighboring lands have been re-zoned, using new and different classifications and considering changed conditions. And so, even if we were to adopt the Plaintiff's suggestion earlier mentioned, it would create an awkward and unfair situation. It likely would not be harmonious with the plan of the new ordinance and the new zoning assigned to neighboring lands. Zoning can not be accomplished in a vacuum on a spot or lot by lot basis without regard to neighboring properties and a proper over-all plan and basic program. There must be correlation and harmony according to basic planning and zoning principles. F.S. 163.190 (1973).
It may be repetitious to remark, but it bears repeating, that we cannot take an old adjudication, using void, old and different criteria, and necessarily fit it into a viable, new and different zoning scheme.  It might fit, but it might not, and surely the trial court should have an opportunity to measure in the interest of those affected.
We hold that the adjudication and appealed judgment are moot. Therefore, we rest our holding and appellate decision upon the authority of Lelekis v. Liles, 240 So.2d 478 (Fla. 1970). In Lelekis a zoning ordinance was amended after the trial court had interpreted the original ordinance, but before the appeal was taken. The Supreme Court accepted the Second District's order which read in part:
"... and it further appearing that in view of the .. . [A]mendment of the zoning ordinance the circuit judge may well wish to reconsider the conclusions reached in the judgment appealed from, but has lost jurisdiction therefor because of this appeal; and it being otherwise in the interest of justice and expediency that the circuit judge have further opportunity to review the substances hereof in the light of existing circumstances, it is thereupon [ordered that the matter is remanded to the trial court for further proceedings]." Id. at 479.
We further ground our decision on the rationale expressed in Northeast Polk County Hosp. District v. Snively, supra:
"Discussion of the points initially presented to us would be nothing more than mere brutem fulmen. The case in its present stage is not the one studied, discussed and decided by the chancellor and certainly we should be required to review only what he had the opportunity to consider... .
"We must decline to engage in a discussion of the case as it was, or now is, and it is our order that the cause be remanded to the chancery court for reconsideration and re-determination of issues that may be formulated in the light of the legislation of 1963."
We reverse and remand with respectful instructions that the parties be allowed to amend their pleadings as they are advised within a reasonable length of time to be set by the trial court in its discretion. Such amendments shall be in the interest of making issues as to the zoning of Plaintiff's lots under the current zoning ordinance, No. 2-74. Such amendments and other pleadings as shall be appropriate shall be as prescribed by the Florida Rules of Civil Procedure. Intervention shall be permitted, if deemed proper by the trial court. Of course, if the controversy shall be abandoned, the cause shall be dismissed.
Reversed and remanded for further proceedings consistent herewith.
WALDEN, CROSS and MAGER, JJ., concur.
NOTES
[1] If it had been restricted to a mere re-enactment there would be some justification for memorializing of the appealed trial court ruling in the interest of expediency. See Cosmopolitan Nat'l Bank v. Chicago, 27 Ill.2d 578, 190 N.W.2d 352 (1963).
[2] As correctly observed in the Town's brief:

"Ordinance 2-74 creates a new commercial zoning district applicable to appellee's [Plaintiff] property which was not in existence at the time of the decision of the trial judge, and, of course, could not have been considered by him. Under Ordinance 3-70 appellee's property was zoned R-C with use limited to multi-family residential, eighteen dwelling units per acre. Under New Ordinance 2-74 the subject property is zoned CB, a classification which permits, by special exception, use of the property as a hotel with a density of 45 units per acre."