DOWNEY, Judge.
Appellee, Timothy Haggerty, placed his “mailbox” in the swale in the public right-of-way beside the street in front of his house. Appellant, City of Pompano Beach, advised him that the mailbox, its mounting and its supporting members violated Ordinance 100.35 and ordered him to remove it. Haggerty refused and this litigation ensued.
Ordinance 100.35 of the City of Pompano prohibited the construction or placement of private structures or obstructions of any kind in the public right-of-way. Ordinance 100.39 authorizes city officials to issue citations for violations of the ordinance and provides for the removal of unauthorized obstructions.
The evidence showed that, in order to position the mailbox in the swale area, Haggerty apparently dug a large hole between the sidewalk and street and placed therein two truck engine blocks. The engine blocks serve as anchors for two one and one-half-inch water pipes that rise about fifteen feet into the air. Two horizontal bars are connected to the vertical pipes. The receptacle to receive the mail is attached to the first horizontal bar approximately three feet from the ground. The second horizontal bar is located several feet above the mailbox. From the second bar, a two-inch gas pipe functions as a *1024 flagpole, extending approximately another nine feet into the air. At its widest part the structure supporting the mailbox is five or six feet wide. A newspaper article in the record describes the contraption as containing an old bed frame, part of a golf cart, and it was topped by a model airplane and an “Air Mail” designation. After the city had won round one of the ongoing litigation between the parties, the city, pursuant to Ordinance 100.39, removed the edifice entirely. When Haggerty won the next round, he rebuilt the mailbox and “accoutrements” in essentially the same form, except he added a flagpole with an American flag attached to it.
When Haggerty initially refused to heed the city’s notices of violation, the matter wound up in the Broward County Court, resulting in a decision in Haggerty’s favor. On appeal to the circuit court, that decision was reversed and remanded to the county court, where an order to remove the structure was entered. The city removed the structure and Haggerty appealed to the circuit court, which again reversed the county court on double jeopardy grounds. When the city notified Haggerty that it intended to further prosecute him for ordinance violation, Haggerty commenced this suit in the circuit court for injunctive and declaratory relief. The city has perfected this appeal from a judgment for Haggerty permanently enjoining enforcement of Ordinances 100.35 and 100.39 against Haggerty, holding Ordinance 100.35 invalid on constitutional grounds, and enjoining the city from further prosecuting Haggerty for construction of the mailbox structure.
Haggerty contends, on appeal, 1) that the ordinances in question violate Aritcle VI, the Supremacy Clause, of the United States Constitution, to the extent they attempt to regulate the design and location of mailboxes and their structures and supports, 2) that the city’s selective enforcement of said ordinances violates Haggerty’s right to equal protection of the law, 3) that the ordinances violate the due process clause of the federal and state constitutions by taking property without compensation, 4) that the city’s attempts to remove Haggerty’s structure with its flagpole for flying the American flag violates the first amendment in that it stifles Haggerty’s right to free expression, and 5) that the ordinances have no standards by which to determine the size and dimension of an appropriate mailbox and, thus, lend themselves to arbitrary application.
The city argues that there is no supremacy act violation in these ordinances because they do not conflict with any federal regulation regarding mailboxes and federal regulations specifically recognize a municipality’s authority to act in this area. Domestic Mail Manual (DMM), § 155.27. Next, the city contends there has been no showing of selective enforcement of the ordinances and, thus, no equal protection violation; no taking and, thus, no due process problem. Finally, the city argues that neither is there a first amendment violation involved because municipal regulations prohibiting private structures in public rights-of-way, in order to keep them open and available for proper public use, meet the test set for them in United States v. O’Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968).
Since this appeal has been pending the city amended Ordinance 100.35 by Ordinance 87-30, which provides in pertinent part:
WHEREAS, the City has determined that private structures located in public right-of-way are detrimental to the public health, safety and general welfare; and
WHEREAS, the purpose of the public right-of-way is to provide a way of passage for the public, to provide an area for drainage, to provide an open area between the paved portion of the roadway and the placement of structures, to provide an area for the installation and maintenance of public utilities; therefore to allow private structures to be located in the public right-of-way would defeat the purpose of public right-of-way; and
WHEREAS, the United States Congress has given the United States Postal Service the authority to promulgate regulations regarding the delivery of mail pursuant to Section 39 USC 404(a)(1); and
*1025 WHEREAS, pursuant to this authority the United States Postal Service has recognized that a municipality has the authority to completely prohibit curbside mailboxes in the Domestic Mail Manuel [sic] Section 111.1 and Section 155.27; and
WHEREAS, the City of Pompano Beach recognizes that the curb side delivery of mail serves a valid public purpose, and
WHEREAS, the City, rather than prohibiting mailboxes in public right-of-way as a structure, desires to exempt such receptacles provided they do not exceed certain limitations and thereby defeat the purpose of public right-of-way,....
BE IT ENACTED BY THE CITY OF POMPANO BEACH, FLORIDA:
SECTION 1: That Section 100.35 of the Code of Ordinances of the City of Pompano Beach entitled “BUILDING OR OBSTRUCTION ON STREETS AND SIDEWALKS” is hereby amended to read as follows:
100.35 BUILDING OR OBSTRUCTION ON STREETS AND SIDEWALKS
(A) It shall be unlawful for any person to erect build, construct, deposit or place on or in any street, or any place where the public has the right of passage, any building, structure, or obstruction of any kind whatsoever, or to enclose any street, park, or other public property. Provided however, that a receptacle for the actual curb side delivery of mail shall not be prohibited pursuant to this section as long as such receptacle does not exceed five feet in height and is securely mounted on posts no larger than four-inch by four-inch or four and one half-inch diameter wood posts or two inch diameter standard steel or aluminum pipe buried no more than 24 inches in the ground and the receptacle for mail is located in a manner which does not obstruct vehicular or pedestrian traffic or pose a public safety hazard.
(B) Any building or structure abutting or encroaching on any public street, alley, or sidewalk in the city is hereby declared to be a public nuisance against the welfare and safety of the public, and the owner, lessee, or agent of the owner of any building allowing the building or structure to abut on or encroach on any public street, alley, or sidewalk, shall be held responsible to remove it and shall be guilty of a punishable violation.
(Emphasis indicates new language.) Thus, at the present time the city still prohibits the placing of structures in the right-of-way except for mailboxes, which cannot exceed certain specifications. The amended ordinance is in reality a ratification and clarification of the administrative construction given its predecessor, Ordinance 100.-35, much as was done in Tsavaras v. Lelek-is, 246 So.2d 789 (Fla. 2d DCA), cert, denied, 249 So.2d 687 (1971), and approved by this court in Town of Palm Beach v. Royal Palm Beach Hotel, Inc., 298 So.2d 439 (Fla. 4th DCA 1974). As noted by the city in the instant case:
The city ordinance while prohibiting all private structures and obstructions has always been interpreted to permit mailboxes as such facilities were not seen as structures. The ordinance has merely been amended to include the administrative interpretation of the ordinance as it applies to mailboxes and should therefore be applied to the matter before this court.
Appellee, Haggerty, has failed to address the city’s contentions in this regard.
It is a rule of long standing that appellate courts will dispose of the case according to the law prevailing at the time of the appellate decision rather than the prevailing law at the time of the trial court’s decision. Diffenderfer v. Central Baptist Church of Miami, 404 U.S. 412, 92 S.Ct. 574, 30 L.Ed.2d 567 (1972); Florida East Coast Railway v. Rouse, 194 So.2d 260 (Fla.1966); Tsavaras v. Lelekis, 246 So.2d 789 (Fla. 2d DCA 1971). There is no fear of ex post facto legislation or improper retroactive application of the amended ordinance here because there is no impairment of a contract obligation or vested right and *1026 the amended ordinance appears remedial in that it creates an exemption. See 49 Fla. Jur.2d Statutes § 106, et seq. (1984). Moreover, “a mere change of language in a statute does not necessarily indicate an intent to change the law for the intent may be to clarify what was doubtful and to safeguard against misapprehension as to existing law.” Id. § 134. See also State ex rel. Szabo Food Services, Inc. v. Dickinson, 286 So.2d 529 (Fla.1973). Thus, it appears that, as in Tsavaras v. Lelekis, 246 So.2d 789 (Fla. 2d DCA 1971), because the ordinance in question did not change the existing law, but simply confirmed the city’s interpretation of the ordinance and clarified its language, the amended ordinance should be applied.
If there remained any doubt about the effect of the clarification amendment and Haggerty’s compliance with said ordinance we might resort to a temporary relinquishment of jurisdiction to allow the court to reconsider its judgment, as mentioned in Lelekis, or a remand for further consideration as was done in Town of Palm Beach v. Royal Palm Beach Hotel, Inc., 298 So.2d 439 (Fla. 4th DCA 1974). However, here there is no doubt that Haggerty is totally out of sync with the purpose and intent of the prohibition against structures in the city’s right-of-way, to say nothing of the specific limitations on size now spelled out in the amendatory ordinance.
Accordingly, we reverse the judgment appealed from and remand the case to the trial court with directions to enter judgment for the appellant, City of Pompano Beach.
WALDEN and GUNTHER, JJ., concur.