BASKIN, Judge.
Gabor & Co., Inc. [Gabor 2] and American Reliance Insurance Company appeal a partial summary judgment. We reverse.
Gabor & Company [Gabor 1], a management firm representing insurance companies operating in the State of Florida, was owned by Frank Gabor. The company employed Ronald Gabor, his son. Gabor 1 represented American Reliance and Sussex Mutual Insurance Company. The agreement between Gabor 1 and Sussex gave Sussex the right to forty-five days’ notice of any intended sale of Gabor 1, allowing Sussex the opportunity to purchase the business.
Frank Gabor decided to sell his business. American Reliance expressed an interest and created Gabor & Company, Inc. (Gabor 2), a wholly owned subsidiary, for the purpose of purchasing Gabor 1. Gabor 2 acquired Gabor 1. Ronald Gabor was engaged as President of Gabor 2. Sussex signed an agency agreement with Gabor 2, identical to its agreement with Gabor 1. Two months later, Gabor 2 determined it would terminate all business with Sussex.
Sussex sued American Reliance, Gabor 2, Frank Gabor and Ronald Gabor for damages resulting from the parties’ alleged conspiracy to defraud Sussex of its Florida business, intentional interference with a contractual relationship, and civil theft. The Gabors cross-claimed against American Reliance and Gabor 2 for indemnity alleging that they had been sued as officers and employees of the companies and were therefore entitled to indemnification. American Reliance, Gabor 2, and the Ga-bors moved for summary judgment against Sussex; the trial court granted the motion. The Gabors moved for summary judgment against American Reliance and Gabor 2, reasserting that their successful defense of the Sussex claim entitled them to indemnification from the companies. The trial court granted the motion and entered a partial summary judgment in the Gabors’ favor. American Reliance and Gabor 2 instituted this appeal.
Although Section 607.014(1), Florida Statutes, provides a corporation the power to indemnify a person involved in a legal proceeding, indemnification is contingent on proof that the person “is or was a director, officer, employee, or agent of the corporation.” Because a genuine issue of material fact exists as to whether Frank and Ronald Gabor acted in their capacities as directors or officers of the corporation during the events which formed the basis of Sussex’s complaint, summary judgment was inappropriate. Moore v. Morris, 475 So.2d 666 (Fla.1985); Holl v. Talcott, 191 So.2d 40 (Fla.1966). We therefore reverse the sum *819 mary judgment and remand for further proceedings consistent with this opinion.
Appellant’s remaining points lack merit.
Reversed and remanded.