599 So.2d 737 (1992)
Ronald GABOR, Appellant,
v.
GABOR & CO., INC. and American Reliance Insurance Company, Appellee.
GABOR & CO., INC. and American Reliance Insurance Company, Appellants,
v.
Frank GABOR, Appellee.
Nos. 91-1989, 91-2026.
District Court of Appeal of Florida, Third District.
June 2, 1992.
*738 Jorden, Schulte & Burchette and W. Barry Blum, Miami, for Ron Gabor and Frank Gabor.
Bohrer & Aprill and Sanford L. Bohrer, Miami, for Gabor & Co., Inc. and American Reliance Ins. Co.
Before NESBITT, JORGENSON and LEVY, JJ.
PER CURIAM.
We vacate and remand the order under appeal which grants summary judgment in favor of Frank Gabor, but against Ronald Gabor, on their indemnification claims against American Reliance Insurance Company (American).
Frank Gabor and his wife owned Gabor & Co. (Gabor 1), a Florida general partnership representing insurance companies operating in the State of Florida. The Gabors' son, Ronald Gabor, was an employee of Gabor 1. Frank Gabor was a director of American. Gabor 1 represented American and Sussex Mutual Insurance Company (Sussex), both of which are non-Florida insurance companies. The agreement between Gabor 1 and Sussex gave Sussex the right to forty-five days' notice of any intended sale of Gabor 1, allowing Sussex the opportunity to purchase the business. In 1983, Frank Gabor and his wife sold their business to Gabor & Co., Inc. (Gabor 2), a wholly owned subsidiary of American created for the purpose of purchasing Gabor 1. Ronald Gabor signed a five-year employment contract as President of Gabor 2. Sussex entered into an agency agreement with Gabor 2, identical to its agreement with Gabor 1. Thereafter, Gabor 2 terminated all business with Sussex.
Sussex sued American, Gabor 2, Frank Gabor, and Ronald Gabor for damages resulting from their alleged conspiracy to defraud Sussex of its Florida business, intentional interference with a contractual relationship, and civil theft. Frank and Ronald cross-claimed against American and Gabor 2 for indemnity, alleging that they had been sued as officers and employees of the companies and were therefore entitled to indemnification. American, Gabor 2, and both Gabors moved for summary judgment against Sussex, which was granted by the trial court, and subsequently affirmed by this court in Sussex Mutual Insurance Co. v. Gabor, 568 So.2d 1004 (Fla. 3d DCA 1990). Thereafter, the Gabors moved for summary judgment on their indemnity cross-claim against American and Gabor 2, asserting that their successful defense of the Sussex claim entitled them to indemnification from the companies. The trial court granted the motion and entered a summary judgment in the Gabors' favor on their cross-claims. This court reversed the order for summary judgment on the indemnification issue, holding that summary judgment was inappropriate because a genuine issue of material fact existed as to whether Frank and Ronald Gabor were acting in their capacities as directors or officers of the corporations during the events which formed the basis of Sussex's complaint. See Gabor & Co., Inc. v. Gabor, 569 So.2d 817, 818 (Fla.3d DCA 1990). On remand, American moved for partial summary judgment on the Gabors' indemnity cross-claims. Thereafter, the trial court entered a new summary judgment in Frank Gabor's favor, but against Ronald Gabor, on their indemnity cross-claims. The appeals by American and Ronald Gabor followed.
It has long been settled law in Florida that all points of law adjudicated in a prior appeal become the "law of the case," and are no longer open for discussion or consideration in subsequent proceedings. Strazzulla v. Hendrick, 177 So.2d 1, 2 (Fla. 1965). In Strazzulla, the supreme court clearly stated that "an appellate court should reconsider a point of law previously decided on a former appeal only as a matter of grace, and not as a matter of right," id. at 4, and noted that exceptions to the "law of the case" doctrine should only be *739 made "in unusual circumstances and for the most cogent reasons  and always, of course, only where `manifest injustice' will result from a strict and rigid adherence to the rule." Id.; see also, Flinn v. Shields, 545 So.2d 452 (Fla. 3d DCA 1989).
In the case sub judice, this court had determined in the previous appeal that a genuine issue of material fact existed as to whether Frank and Ronald Gabor acted in their capacities as directors or officers of the corporations during the events which formed the basis of Sussex's complaint. On remand, the record reflects that the Gabors did not present any evidence different from, or in addition to, the evidence previously presented to the trial court on this point. Applying the "law of the case" doctrine, therefore, it was error for the trial court to enter summary judgment on a point previously determined not amenable to a summary judgment.
Accordingly, the order under appeal is vacated and remanded for further proceedings consistent herewith.