PALMER, J.
Clarice and James Hodges appeal the final judgment entered by the trial court denying their claim, and granting Marion County’s counterclaim, for declaratory relief. We reverse.
This case was previously before this court for review of an order entering summary judgment in favor of Marion County. Hodges v. Marion County, 730 So.2d 786 (Fla. 5th DCA 1999) (Hodges I). The underlying facts leading up to the issuance of the initial summary judgment are set forth in Hodges I and will not be repeated here. Suffice it to say, the Hodges and Marion County have continued to litigate over whether, under Marion County’s Land Development Code, the Hodges can keep a number of birds in sheds located on their property. In Hodges I, this court reversed the summary judgment entered in favor of Marion County, determining that the word “aviary” as it appeared in the then controlling provision of the Land Development Code meant a structure in which the building itself is used as a cage for birds, rather than the situation in which birds are housed within cages which are stored in a structure. The Hodges I court decreed that remand was necessary in order for the trial court to determine whether the sheds utilized by the Hodges were “aviaries” as defined therein since the record was insufficient:
If, indeed, these sheds are not “aviaries” but a place where the Hodges keep cages containing birds, we can find no basis in the Marion County Code to prevent this use of the Hodges’ property, provided that the birds are not being kept as part of a home business or primarily for the production of income.
730 So.2d at 788-89.
Consistent with the opinion in Hodges I, upon remand the Hodges filed a motion for summary judgment with supporting affidavits which stated that their sheds were places where they kept cages containing birds and, further, that they were not being kept as part of a home business or primarily for the production of income. Marion County presented no evidence to rebut the Hodges’ affidavits. Nonetheless, the trial court denied the Hodges’ motion for summary judgment. We conclude that the trial court erred in so ruling.
“It has long been settled law in Florida that all points of law adjudicated in a prior appeal become the ‘law of the case,’ and are no longer open for discussion or consideration in subsequent proceedings.” Gabor v. Gabor & Co., Inc., 599 So.2d 737, 738 (Fla. 3rd DCA 1992). Based upon the law of the case doctrine, once the undisputed facts established that the Hodges’ sheds *952 were not aviaries as defined in Hodges I and that the Hodges were not keeping the birds as part of a home business or primarily for the production of income, there was “no basis in the Marion County Code to prevent this use of the Hodges property.” Hodges v. Manon County, 730 So.2d at 788-89.
Marion County contends that the law of the case doctrine should not be applied in this case based on the “manifest injustice” exception, recognized by this court in Williams v. City of Minneola, 619 So.2d 983 (Fla. 5th DCA 1993). In Williams, the manifest injustice exception was applied with regard to an issue which had not been addressed in the previous appeal. Such is not the ease here. Additionally, Marion County fails to articulate what manifest injustice it contends would result from adherence to the law of the case, other than its apparent belief that Hodges I was incorrectly decided. Such a contention does not support the application of a manifest injustice exception to the law of the case doctrine.
Subsequent to the trial court’s denial of the Hodges’ motion for summary judgment, Marion County amended the applicable provisions of the Land Development Code to provide a definition of aviary which was inconsistent with the definition set forth in Hodges I. This case went to trial five days after the amendment. In entering judgment in favor of the County, the trial court found that the amended provision was applicable to the instant case and found in the County’s favor based upon that amendment. This ruling was also legally incorrect.
The County’s amendments to the Land Development Code have no application to «this case. If the Hodges’ Motion for Summary Judgment had been properly granted, the case would have been concluded prior to the amendment being passed. Moreover, even if the amendment had predated the hearing on the motion for summary judgment, it could not have properly been applied to the Hodges in this pending case. Although an amendato-ry ordinance can be applied to a pending zoning controversy where the amendment clarifies an ordinance, a substantive change cannot be applied to pending litigation. Tsavaras v. Lelekis, 246 So.2d 789, 790 (Fla. 2nd DCA 1971). See also City Council of the City of North Miami Beach v. Trebor Construction Corp., 296 So.2d 490 (Fla.1974); City of Pompano Beach v. Haggerty, 530 So.2d 1023, 1026 (Fla. 4th DCA 1988). Since the definition of an “aviary” in the new ordinance was inconsistent with the legal definition of aviary as established in Hodges I, the change in definition was inherently substantive and thus inapplicable to the pending litigation. In addition, the director of the County’s Zoning Department testified at trial that the Hodges would not simply have a grandfathered use under the new ordinance, but would have a pre-existing permitted use by right.
The final judgment entered herein is reversed and this matter is remanded to the trial court for the entry of a final judgment in favor of the Hodges.
REVERSED and REMANDED.
COBB and PETERSON, JJ., concur.