**HY KOM DEVELOPMENT COMPANY, Plaintiff,**

v.

**MANATEE COUNTY, Defendant.**

**No. 91–782–CIV–T–17A.**

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 16, 1993.

Edward D. Foreman, Thomas E. Reynolds, Law Office of Edward D. Foreman, P.A., St. Petersburg, FL, Lee Milich, Lee Milich, P.A., N. Miami, FL, for plaintiff.

Teddy Norris Williams, Manatee County Attorney's Office, Bradenton, FL, John Raymond Bush, Bush, Ross, Gardner, Warren & Rudy, Tampa, FL, for defendant.

## ORDER ON DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on the Defendant's second motion for summary judgment, filed May 25, 1993, and Plaintiff's response thereto, filed July 27, 1993. By inference from both Defendant's motion itself and Plaintiff's response thereto, it is clear that both parties are relying on Defendant's first motion for summary judgment and Plaintiff's response to that motion and the same are considered in tandem with the instant motion. The second motion is considered on various grounds as set forth below.

The facts of this case have been summarized and set forth in this Court's order, filed March 22, 1993, denying Defendant's first motion for summary judgment, but are repeated herein for clarity. Plaintiff, Hy Kom purchased approximately 3.6 acres of land from Swift Development Corporation, on May 11, 1983, to allegedly construct a 49–unit condominium apartment building. Swift had

been issued a building permit for the project on September 1, 1981. On June 23, 1987, Plaintiff received an amended building permit from Manatee County. On July 7, 1987, a Manatee County building official notified Plaintiff that the permit had been declared invalid on the ground that work had been suspended or abandoned. Armed with alleged evidence that work has not been suspended or abandoned, Plaintiff spent the next several months seeking relief through various administrative hearings.

Failing the award of any relief at the county level, Plaintiff sought a writ of common law certiorari from the Circuit Court. On March 13, 1991, Judge Dakan issued an order quashing the decision of the Manatee County Building Official and overturning the decision of the Manatee County Construction Board of Appeals. The Second District Court of Appeal subsequently denied Manatee County's petition for a writ of certiorari. In compliance with the court order, the building official reinstated the building permit on May 6, 1991.

Plaintiff filed the instant action on June 26, 1991, under 42 U.S.C. § 1983 against Defendant, Manatee County, charging that as a direct and proximate result of the County's alleged arbitrary and capricious actions, Plaintiff suffered deprivation of its constitutional rights of due process and equal protection of the laws, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States. Plaintiff further contends that Defendant implemented a policy or procedure, not for any legitimate purpose connected with the health, safety and welfare of its residents, but as part of its scheme to maliciously prevent Plaintiff from completing the project, in order to acquire the property for a park at a low price. Plaintiff basically claims that the actions of Defendant are the direct and proximate cause of the failure of its project resulting in millions of dollars in losses.

■ This Court now turns directly to the points raised in Defendant's instant motion and addresses those points one by one. Defendant first directs this Court's attention to *Karatinos v. Town of Juno Beach,* 621 So.2d 469 (Fla. 4th D.C.A.1993), arguing that it is "significant late authority" bolstering Defendant's position that since the Florida Department of Natural Resources would purportedly not issue a wastewater treatment permit, the Defendant's actions were not the proximate cause of any damage to Plaintiff. This Court has already rejected this argument and agrees with Plaintiff that Defendant is merely rearguing its position.

As to whether *Karatinos* bolsters Defendant's argument so as to merit its reconsideration, this Court points out to Defendant that *Karatinos* is only persuasive authority and that that case is factually distinguishable. In *Karatinos,* no permit was ever granted by the town and a trial was held during which evidence presented as to whether the Department of Natural Resources would have permitted construction on the property at issue in that case. Accordingly, we do not find that case to be "significant late authority" so as to merit this Court's reconsideration of Defendant's motion for summary judgment as to this argument.

■ Defendant next asserts that Plaintiff has not refuted its empirical evidence that Florida Department of Environmental Regulation (the "DER") will not grant Plaintiff's application for a wastewater treatment plant and that Plaintiff is not able to show facts that demonstrate it will ever be able to construct the condominium. Defendant therefore requests summary judgment pursuant to F.R.C.P. 56(e). Rule 56(e) states in part that:

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

As stated by the Supreme Court of the United States in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), "Rule 56(e) therefore requires the nonmoving

party to go beyond the pleadings and by her own affidavits, *or by the 'depositions, answers to interrogatories, and admissions on file,'* designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553 (emphasis added).

This Court points out that Plaintiff has responded to both of Defendant's motions for summary judgment and that Plaintiff, in its response to Defendant's first motion, set forth the sworn testimony from the *deposition* of Robert D. Bair supporting its position. (*See* pages 5–6 of Plaintiff's response to Defendant's motion for summary judgment.) As stated above, this Court considers Defendant's first motion for summary judgment and Plaintiff's response to that motion in tandem with the instant motion. Therefore, Plaintiff has satisfied the requirement of Rule 56(e) and this Court, contrary to Defendant's assertion, and has not "relied almost exclusively upon the [P]laintiff's unsworn complaint allegations". Accordingly, this Court cannot grant summary judgment in favor of Defendant for Plaintiff's failing to satisfy the requirement of Rule 56(e).

■ Next, Defendant argues that summary judgment should be granted because the Plaintiff's claim is not ripe under *Williamson Co. Regional Planning Commission v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). This Court will not address this contention as it is moot in light of this Court's order, filed December 3, 1991, which adopted the Magistrate Judge's report and recommendation, filed November 8, 1991, finding "this case to be ripe for federal review on the merits under *Williamson ...*". The Magistrate Judge's report and recommendation has thus become the law of the case.

■ Defendant next asserts that Plaintiff's complaint fails to sufficiently allege a claim under 42 U.S.C. § 1983. To state a cause of action under Section 1983, a plaintiff must allege that the defendant, while acting under color of state law, *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980), deprived the plaintiff of a protected civil or constitutional right, *see City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 258, 101 S.Ct. 2748, 2755, 69 L.Ed.2d 616 (1981). Plaintiff, in its complaint, does not allege that Defendant acted "under color of state law". However, the proper motion for failure to state a claim upon which relief can be granted is a motion to dismiss pursuant to F.R.C.P. 12(b)(6) and not a motion for summary judgment under Rule 56. The parties are referred to this Court's order denying Defendant's first motion for summary judgment, filed March 22, 1993, regarding when it is appropriate for a court to grant a motion for summary judgment.

■ Another argument asserted by Defendant is that it has not deprived Plaintiff of any "property" or any "property right" that would give rise to a cause of action under Section 1983. Plaintiff's response to this argument states that "both Federal and Florida courts recognize a constitutionally protectible interest in a building permit". (*See* page 4, Plaintiff's response to Defendant's second motion/memorandum for summary judgment.) Both Plaintiff and Defendant offer binding authority to support their positions. However, the fact of the matter is that the precedent from the Eleventh Circuit is difficult to follow and apply and is in apparent conflict.

Defendant argues that since a building permit is not property, relying primarily on *Marine One, Inc. v. Manatee County,* 877 F.2d 892 (11th Cir.1989) (*Marine One I*), that this Court should grant summary judgment. In *Marine One I,* the Eleventh Circuit stated that "[s]tate law creates and defines the parameters of a plaintiff's property interest for section 1983 purposes.... Florida law is clear that there is no property right in possession of the [building] permit...." *Id.* at 894 (citations omitted). The court went on to say that the appropriate remedy under Florida law for rescission of a building permit is "the right to pursue an action for injunctive relief, if the landowner has in good faith made some substantial change in position or has incurred extensive obligations in reliance on the permit so that it would be highly inequitable and unjust not to enforce the permit." *Id.* at 894 (citations omitted). The court concluded that:

Florida law does not provide the ability to recover monetary damages for rescission of a permit.... The only right provided a permit holder under state law ... is the right to retain the permit and invalidate any rescinding resolution once he has satisfied the requirement of equitable estoppel. Thus, the district court correctly stated that if [plaintiff] acquired any right at all as a result of his reliance, it was a right to pursue equitable estoppel under proper circumstances.

*Id.* at 895. Thus, Defendant asserts that Plaintiff was not deprived of any protectible right or interest by Manatee County's rescission of the building permit.

The Eleventh Circuit has followed the *Marine One I* reasoning in *Mackenzie v. City of Rockledge,* 920 F.2d 1554 (11th Cir.1991). In *Mackenzie,* the court stated that "... the holding in *Marine One [II]* is clear; Florida law creates no property interest in the possession of a building permit." *Id.* at 1559.

However, while the holdings in these cases initially seem clear, this Court notes that *Spence v. Zimmerman,* 873 F.2d 256 (11th Cir.1989) was also decided by the Eleventh Circuit two months prior to *Marine One I.* Plaintiff relies on *Spence,* where the court found that "... the Eighth Circuit has held that state law creates a constitutionally protectible property interest in a building permit if: (1) the municipality lacks discretion and must issue a building permit to an applicant who complies with the statutory requirements *and* (2) the applicant has fulfilled the requirements.... We agree with the Eighth Circuit...." *Id.* at 258 (citations omitted). As such, there could be certain situations where a plaintiff is deprived of a constitutionally protectible right or interest caused by the revocation of a building permit. *See also A.A. Profiles, Inc. v. City of Ft. Lauderdale,* 850 F.2d 1483 (11th Cir. 1983), *cert. denied* 490 U.S. 1020, 109 S.Ct. 1743, 104 L.Ed.2d 180 (1989), (holding that a landowner had property rights in a proposed development where the landowner had obtained building permits and commenced construction only to have construction halted and the property subsequently rezoned to prohibit the permitted use).

Since these decisions are clearly in conflict, this Court has searched for more recent precedent for guidance and finds the more recent decision of *Villas of Lake Jackson, Ltd. v. Leon County,* 796 F.Supp. 1477 (N.D.Fla. 1992), to be extremely persuasive and of great assistance in resolving this issue. In *Lake Jackson,* a case addressing "property interest[s]" in building permits, the District Court evaluated the precedential value of *Marine One I* stating:

[T]he first *Marine One* decision is no longer precedent as originally written. In the second decision, *Marine One, Inc. v. Manatee County,* 898 F.2d 1490 (11th Cir. 1990) [ (*Marine One II* ) ], the court granted rehearing to consider whether ... [recent cases] ... had held that Florida law provides a property interest in a duly issued building permit. The court did not answer that question, however, but shifted its focus to the nature of the underlying property, public lands beneath navigable waters, and state law concerning permits ... to conduct activities on public lands. It held that Florida law creates no property interest in a permit to construct a marina on public lands.

*Id.* at 1486 (citations omitted). As such, in *Marine One II* the Eleventh Circuit stated a new basis for its holding, essentially eviscerating its original holding in *Marine One I.*

The court, in *Lake Jackson,* went on to cite *A.A. Profiles,* 850 F.2d at 1483, in support of its position that there is an arguable property interest in a building permit. The court stated that while "*A.A. Profiles* does not discuss Florida law, ... it clearly holds that a development permit duly issued by a Florida local government is a species of property for due process and taking purposes, especially if the property owner has taken action in reliance upon the permit to his detriment." *Lake Jackson,* 796 F.Supp. at 1488. The court concluded its discussion of that case by stating that "[t]he *A.A. Profiles* ruling appears to be consistent with Florida case law at least to the extent that the owner has substantially relied to his detriment upon the existence of a duly issued permit." *Lake Jackson* at 1488.

The *Lake Jackson* analysis then turned to Florida case law to determine exactly what Florida law provides regarding the issue of property rights in building permits. This Court also turns its analysis to Florida case law to determine if property rights or property interests can be obtained in a building permit. In *City of Boynton Beach v. Carroll*, 272 So.2d 171 (Fla. 4th D.C.A.1973), *cert. denied* 279 So.2d 871 (Fla.1973), the Florida court stated the well established principle that a *vested right* may be created in a building permit under circumstances which give rise to the doctrine of equitable estoppel. *Id.* at 173 (emphasis added) (citations omitted). This principle was again stated by the Florida courts in *City of Hollywood v. Hollywood Beach Hotel Co.*, 283 So.2d 867 (Fla. 4th D.C.A.1973), *aff'd in part, rev'd in part on other grounds*, 329 So.2d 10 (Fla.1976). In *City of Hollywood*, the court recognized that a vested property right may be created in a building permit under certain circumstances. The court stated that:

> [t]he mere possession of a building permit does not create a vested property right and a permit may be revoked.... Only where the landowner possesses a building permit and where the circumstances that give rise to the doctrine of equitable estoppel are present (i.e., the landowner has in good faith made some substantial change in position or incurred extensive obligations in reliance of the zoning law) does the landowner have a *vested property right* and the permit may not be revoked.... In most cases the equitable estoppel doctrine has been applied to limit the municipality's power to revoke a building permit by a change of zoning when the landowner has actually begun physical construction on the property in reliance of the zoning law.... However, other substantial changes in position or extensive obligations such as exercising an option to purchase land or expending substantial sums of money in preparation for construction have been held sufficient to invoke the doctrine of equitable estoppel.

*City of Hollywood*, 283 So.2d at 869–70 (emphasis added) (citations omitted). Accordingly, this Court agrees that a party may, in certain circumstances as mentioned above, acquire a vested property right in a building permit under Florida law.

■ The question thus becomes whether such circumstances exist in this case that give rise to the doctrine of equitable estoppel so as to give Plaintiff a property right or property interest in its building permit. In its complaint, Plaintiff alleges that its predecessor in title received a building permit from Defendant and that Plaintiff subsequently received from Defendant an amended building permit which permitted Plaintiff to construct a 49–unit condominium apartment building on the property. (See Plaintiff Complaint averment 6.) Plaintiff further alleges that it had a construction loan in place with Dime Savings Bank and that it was proceeding with the project. (See Plaintiff Complaint averment 38.) Further, Plaintiff alleges that it has expended in excess of $2.5 million relative to the project. (See Plaintiff Complaint averment 40.) While Defendant gives a qualified admission to Plaintiff's averment 6 and denies Plaintiff's averments 38 and 40, this Court notes that the truth or accuracy of such allegations or responses is not a question as a matter of law for the court, but instead is a question of fact to be resolved at trial. This Court does, however, find Plaintiff's allegations sufficient to invoke the doctrine of equitable estoppel as it relates to building permits under Florida law. Accordingly, this Court finds that Plaintiff has sufficiently alleged a property interest in its building permit as to be accorded the protection of section 1983.

■ Lastly, Defendant argues that since Plaintiff has a state law remedy, seeking an injunction or reinstatement of the permit, "there is simply no § 1983 remedy". This Court finds this argument to be without merit.

As such, this Court finds each of Defendant's arguments insufficient to support its second motion of summary judgment. Again, as this Court has previously stated,

> ... summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light *most*

*favorable to the nonmoving party.* *Sweat v. The Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mount Pleasant,* 595 F.2d 994, 996–97 (5th Cir. 1979), *quoting Gross v. Southern Railroad Co.,* 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

*Fields v. Sarasota–Manatee Airport Authority,* 755 F.Supp. 377 (M.D.Fla.1991) (emphasis added). Plaintiff again submits to this Court that there is sufficient evidence to allow its claims to be submitted to a jury for determination. This Court does find that there are, at least, several issues of material fact in dispute which preclude granting summary judgment. Accordingly, it is

**ORDERED** that Defendant's second motion for summary judgment be **denied.**

**DONE AND ORDERED.**