HARRIS, Judge.
Ernest and Clorinda Franklin own two lots divided by an alley in the Gulf View Subdivision in Hernando County. They petitioned to close this alley and the street separating their lots from the Gulf.
In their petition, the Franklins covenanted to post notice on the property to be vacated as required by the county ordinances relating to road closings. The County Commission granted their petition and passed a resolution closing the alley and the road adjacent to their property. Before notice of adoption of the resolution was advertised and before proof of such adoption and advertising was recorded in the public records (and before there was any requirement for such action), the County was notified that proper notice had not been posted on the subject property.
At the next meeting of the Board of County Commissioners, the Commissioners decided to reconsider their action in regard to the street closing. Subsequently the previous resolution was rescinded and the request to close the road and alley was denied.
After the time had run to file for certiorari review of this ruling, the Franklins filed an action for declaratory relief in the circuit court to determine the validity of the Commission’s action rescinding the previous resolution. The Franklins urged that since section 336.10, Florida Statutes (1993), requires only that notice relating to the closing of roads need be published, the County lacked the authority to add to the jurisdictional conditions set by the legislature. The trial court agreed and ordered the County to proceed to advertise notice of adoption of the original resolution and to record in the public records proof of such action, both requirements statutorily mandated in order to complete the road closing proceedings. We reverse.
Several issues came up during argument that had not been covered in the briefs. The most important of these issues relates to the jurisdiction of the trial court. If the action of the Board of County Commissioners *603 in closing roads is quasi-judicial, the only review is by certiorari. On the other hand, if such action is legislative, then declaratory relief is appropriate. Because this matter was not properly briefed and because the issue was not presented to the trial court, we believe that the issue should be sent back for better development. However, we commend to the trial court the following language in Board of County Commissioners of Brevard County v. Snyder, 627 So.2d 469, 474 (Fla. 1993):
Applying this criterion, it is evident that comprehensive rezonings affecting a large portion of the public are legislative in nature. However, we agree with the court below when it said:
[Rjezoning actions which have an impact on a limited number of persons or property owners, on identifiable parties and interests, where the decision is contingent on a fact or facts arrived at from distinct alternatives presented at a hearing, and where the decision can be functionally viewed as policy application, rather than policy setting, are in the nature of ... quasi-judicial action.
On the merits of the case, we find that the County has the authority to require additional public safeguards before closing public roads. Section 336.10 sets minimum, not exclusive, requirements. Although the County cannot permit less public protection, it is free to set such additional safeguards as it deems appropriate. It does not matter if we classify these additional safeguards as jurisdictional or merely conditions precedent to county action. Regardless, since the public is entitled to rely on these additional requirements, the County must comply with its own ordinances. Whether there was adequate showing that notice was not properly posted remains a question of fact that precludes the entry of summary judgment.
REVERSED AND REMANDED for further action consistent with this opinion.
GOSHORN and GRIFFIN, JJ., concur.