Michael J. BAGGS and Judy
S. Baggs, Plaintiffs,

v.

CITY OF SOUTH PASADENA,
Defendant.

No. 94–492–CIV–T–17–C.

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 25, 1996.

Ruthann O'Brien O'Neill, Law Office of Ruthann O. O'Neill, St. Petersburg, FL, for plaintiffs.

Alan S. Zimmet, Tew, Zinober, Barnes, Zimmet & Unice, Clearwater, FL, for defendant.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause comes before the Court on Defendant CITY OF SOUTH PASADENA's Motion for Summary Judgment (Docket No. 49) and supporting Memorandum of Law (Docket No. 50), and Plaintiffs MICHAEL J. BAGGS and JUDY S. BAGGS' Response to Defendant's Motion for Summary Judgment (Docket No. 51).

## FACTUAL BACKGROUND

On or about April 13, 1993, the Defendant issued a violation notice to the Plaintiffs that they were in violation of the City of South Pasadena's (Defendant) Flood Damage Prevention Ordinance 108–19D(2). The Plaintiff's received another violation notice on July 15, 1993 to comply with the ordinance within thirty (30) days.

On September 21, 1993, the City's Code Enforcement Board held that the Plaintiffs were violating the ordinance and the board granted the Plaintiff 90 days to comply with the ordinance. The Plaintiffs filed a suit in state court to appeal the order of the City's Code Enforcement Board. The complaint contained counts for injunction and declaratory relief pursuant to Florida Statute § 162.11. The Plaintiffs filed an application for a flood variance with the Defendant on October 1, 1993. The City Commission denied the Plaintiffs' variance request on January 25, 1994. The Plaintiffs then had their original action dismissed without prejudice and filed the present lawsuit in the Sixth Judicial Circuit. The Plaintiffs' complaint consisted of four (4) counts: (1) declaratory judgment, (2) injunction, (3) certiorari review of the denial of the variance, and (4) 42 U.S.C. § 1983. The Defendant removed the case to this court on March 25, 1994. This Court then remanded to the state circuit court the petition for writ of certiorari.

On October 9, 1995, the Circuit Court in and for Pinellas County, Florida denied the petition for certiorari. The court also found that the Plaintiffs were afforded procedural due process and that the denial of the variance request complied with the essential requirements of law and was supported by competent substantial evidence.

## STANDARD OF REVIEW

Summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue of material fact when all of the evidence is viewed in the light most favorable to the non-movant. *Sweat v. Miller Brewing Co.,* 708 F.2d 655, 656 (11th Cir.1983). Issues of fact are genuine only if a reasonable jury, considering the evidence presented, could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Facts are material only if they will affect the outcome of the trial under governing law. *Id.* at 248, 106 S.Ct. at 2510. Hence, the substantive law of the case determines which facts are material and which are irrelevant. *Id.*

The United States Supreme Court held in *Celotex Corp v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986) that the plain language of Federal Rule of Civil Procedure 56(c) mandates summary judgment after "adequate time for discovery and upon motion, against a party who fails to establish the existence of an essential element to the party's case, and on which the party will bear the burden at trial." The Court also held that Rule 56(e) requires the non-moving party to go beyond the pleadings in establishing whether there are specific facts showing a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553.

In determining whether to grant summary judgment, the district court acknowledges that "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513.

## DISCUSSION

■ Under the Due Process Clause of the Fourteenth Amendment, a state shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Supreme Court interprets this clause to provide both procedural and substantive due process protection. *Zinermon v. Burch*, 494 U.S. 113, 125, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990). Violations of either procedural or substantive due process provide the basis of a 42 U.S.C. § 1983 suit. *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir.1994) (en banc).

The Plaintiffs have brought a count against the Defendant under 42 U.S.C. § 1983 and allege that the Defendant has violated the Plaintiffs' due process rights. Specifically, they allege that the Defendant refused to grant them a variance and continued to impose fines against them. The state circuit court found there was no procedural due process violation when the City denied the Plaintiffs' variance request.

■ Under the Rooker–Feldman doctrine, this Court lacks subject-matter jurisdiction to consider the Plaintiffs' procedural due process claim because a "United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may only be had in the United States Supreme Court." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 1315, 75 L.Ed.2d 206 (1983). Thus, federal district courts are without jurisdiction to "decide federal issues that are 'inextricably intertwined' with a state court's judgment." *Liedel v. Juvenile Court of Madison County*, 891 F.2d 1542, 1545 (11th Cir.1990) (quoting *Feldman*, 460 U.S. at 482 n. 16, 103 S.Ct. at 1315 n. 16). If a state court upholds a decision of a state agency, the Rooker–Feldman doctrine applies since challenging the agency's decision would involve challenging the state court's judgment. *Narey v. Dean*, 32 F.3d 1521, 1525 (11th Cir.1994). *See also Staley v. Ledbetter*, 837 F.2d 1016 (11th Cir.1988) (district court did not have jurisdiction to review county agency's decision because state court of appeals upheld agency's decision). Therefore, the Rooker–Feldman doctrine deprives this Court of subject-matter jurisdiction to "redetermine" whether the Plaintiffs' procedural due process rights were violated. The Plaintiffs' procedural due process claim under 42 U.S.C. § 1983 is hereby **DISMISSED.**

■ The Plaintiffs also allege under 42 U.S.C. § 1983 that the Defendant has violated the Plaintiffs' substantive due process rights by enforcing the city ordinance in an arbitrary, capricious, and discriminatory manner, and in refusing to grant the Plaintiffs' variance request. Essentially, the Plaintiffs are claiming a property right in a variance from the city ordinance in question. While the Plaintiff argues the ordinance is created by federal law and therefore the Plaintiffs are entitled to substantive due process protection, this argument is without merit. The Plaintiffs are actually claiming a property right in a *variance* from the ordinance, not a property right in the ordinance itself. City Code § 108–17H states the conditions under which the City Commission may grant a variance. A city ordinance is a part of state law. *Alewine v. City Council of Augusta, Georgia*, 505 F.Supp. 880 (S.D.Ga. 1981) (Plaintiffs' state law claim grounded in the city ordinances); *Mercantile Trust & Deposit Co. of Baltimore v. Collins Park & B.R. Co.*, 99 F. 1812 (N.D.Ga.1900) (City ordinance granting a franchise is a law of the state). Therefore, whether a variance may be granted under City Code § 108–17 is a determination under state law. "[S]ubstantive rights ... created only by state law are not subject to substantive due process protection under the Due Process Clause because 'substantive due process rights are created by the Constitution.'" *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir.1994) (en banc) (emphasis added) (quoting *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229, 106 S.Ct. 507, 515, 88 L.Ed.2d 523 (1985) (Powell, J., concurring)), cert. denied, —— U.S. ——, 115 S.Ct. 898, 130 L.Ed.2d 783 (1995). In addition, "[t]he Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended. The doctrine of judicial self-restraint requires us

to exercise the utmost care whenever we are asked to break new ground in this field." *Collins v. City of Harker Heights,* 503 U.S. 115, 125, 112 S.Ct. 1061, 1068, 117 L.Ed.2d 261 (1992). ·In·the present case, the substantive right to the variance is created by state law. Therefore, the Plaintiffs have no substantive due process under the Due Process Clause since their substantive right to the variance is created by state law, rather than the Constitution. Since the Plaintiffs have asserted no fundamental ˙right within the substantive due process doctrine, summary judgment is appropriate as˙to this said claim under 42. U.S.C. § 1983 and is hereby **GRANTED.**

 The Plaintiffs claim sections 108–19D(2) and 108–5 are unconstitutionally vague. This argument is essentially a claim that the Plaintiffs' substantive due process rights have been violated. *Waltz, M.D. v. Herlihy, J.R., M.D.,* 682 F.Supp. 501, 507 (S.D.Ala.1988). The Court has already determined that there was no˙genuine issue of material fact as to the violation of the Plaintiffs' substantive due process rights concerning the city-created variance. This Court finds no genuine issue of material fact·regarding any substantive due process violation by the ordinances. The Court rejects the Plaintiffs' contention that the ordinances and the variance requirements are a creation of federal law. The Tenth amendment of the Constitution does not give Congress power to require states to adopt particular laws or require that states regulate in a certain manner. *New York v. United States,* 505 U.S. 144, 161, 112 S.Ct. 2408, 2420, 120 L.Ed.2d 120 (1992). The ordinances and the variance requirements are a creation of state law, by the City of South Pasadena. While the City of South Pasadena undoubtedly attempts to comply with the Federal Emergency Management Agency's standards, the City Code ordinances are nonetheless a creation of state law, not federal law.

Therefore, the Plaintiff's vagueness claim is not protected by the Due Process Clause of the Constitution because whether City Codes 108–19D(2) and 108–5 are violated is a determination under state law. Only rights created by the Constitution are protected by the Substantive Due Process Clause. *McKinney v. Pate,* 20 F.3d 1550, 1556 (11th Cir.1994) (en banc). Since the Plaintiffs have no fundamental rights for the purposes of substantive due process protection, summary judgment is appropriate as to the substantive due process claim under 42 U.S.C. § 1983 and is hereby **GRANTED.**

 The Plaintiffs also allege the Defendant's actions violated their rights under the Equal Protection Clause˙of the Fourteenth Amendment, in that the Defendant has treated similarly situated˙property owners differently by granting the other owners variances. The Equal Protection Clause of the Fourteenth Amendment requires that no State shall "deny to any person within its jurisdiction the equal protection of the laws." *City of Cleburne, Texas v. Cleburne Living Center,* 473 U.S. 432, 438, 105 S.Ct. 3249, 3253, 87 L.Ed.2d 313 (1985). Therefore, similarly situated people should be treated alike. *Id.* The Plaintiffs are alleging the ordinance "as applied" violated their˙equal protection rights. *Villas of Lake Jackson, Ltd. v. Leon County,* 884 F.Supp. 1544 (N.D.Fla.1995). If dissimilarly situated people are treated differently, there is no equal protection violation. *E & T Realty v. Strickland,* 830 F.2d 1107, 1109 (11th Cir.1987), cert. denied, 485 U.S. 961, 108 S.Ct. 1225, 99 L.Ed.2d 425 (1988). If there is no suspect or quasi-suspect class and no fundamental right is involved, the state may intentionally discriminate as long as its means are rationally related to a legitimate government purpose. *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). Since the Plaintiffs are not in a suspect or quasi-suspect class and no fundamental right is involved, the Plaintiffs must first show that they were treated differently than others similarly·situated. *E & T Realty v. Strickland,* 830 F.2d 1107, 1109 (11th Cir.1987), cert. denied, 485 U.S. 961, 108 S.Ct. 1225, 99 L.Ed.2d 425 (1988). Next, the Plaintiffs must prove the Defendant intentionally discriminated against them and that the Defendant had no rational basis for doing so. *Id.* at 1112. In order to prevent plaintiffs from turning all "misapplications of state law into

equal protection claims," arbitrary actions without intentional discrimination does not violate equal protection. *Id.* at 1114. Therefore, the Plaintiffs must show they were treated differently by the Defendant than others similarly situated and that this different treatment was intentional discrimination. Finally, the Plaintiffs must show that the Defendant has no rational basis for treating the Plaintiffs differently.

 The Plaintiffs claim they were treated differently than all other properties that were in violation of the ordinance. The Plaintiffs emphasize that FEMA mistakenly allowed a restaurant to be re-built in violation of FEMA and CITY ordinances. The Plaintiffs state that the restaurant was the only other structure requesting a variance at the time the Plaintiffs were cited and until the Defendants notified the Plaintiffs of their violations. Accordingly, the Plaintiffs argue, since the restaurant received a variance and they did not, their equal protection rights were violated. This Court finds this argument unpersuasive. First, the Plaintiffs have not adequately shown how they are "similarly situated" with the restaurant. If the Plaintiffs and the restaurant are not similarly situated, different treatment is not an equal protection violation. *E & T Realty v. Strickland,* 830 F.2d 1107, 1109 (11th Cir. 1987). Second, variance requests are determined on a case by case basis, which makes a showing of unequal application to parcels difficult. *Kawaoka v. City of Arroyo Grande,* 17 F.3d 1227 (9th Cir.1994) (Showing unequal application of zoning ordinance a heavy burden due to uniqueness of parcels). Third, as Defendant points out, the owners of 70856–A, Sunset Drive South, which is attached to the Plaintiffs' residence were cited in violation by the Defendant of the same ordinance. The owners of 7085–A complied and performed a retrofit of the property, which is what the Defendant is requesting of the Plaintiffs. Therefore, the Plaintiffs have not created a genuine issue of material fact as to whether they received unequal treatment by the Defendant. Since the Plaintiffs have not shown there is a genuine issue as to unequal treatment, this Court will not address whether the Defendant intentionally discriminated against the Plaintiffs and whether any intentional discrimination was rationally related to a legitimate government purpose. Accordingly, Defendant's motion for summary judgment for the Plaintiffs' equal protection claim under 43 U.S.C. § 1983 is hereby **GRANTED.**

 The Court's jurisdiction over this case is based on a federal question of the alleged violation of the Plaintiffs' civil rights under 42 U.S.C. § 1983. The Plaintiffs also have counts for a declaratory judgment and an injunction in their complaint. Since the Court has dismissed the federal claims, the Court must determine whether it should assert jurisdiction over the pendent state law claims. *Bowman v. Alabama Dept. of Human Resources,* 857 F.Supp. 1524, 1533 (M.D.Ala.1994). A federal district court must decline to exercise jurisdiction and dismiss the case without prejudice when "the values of judicial economy, convenience, fairness and comity . . . indicates a case properly belongs in state court." *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988). The Supreme Court in *Carnegie–Mellon* further held that, although not mandatory, "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *Id.* 484 U.S. at 350 n. 7, 108 S.Ct. at 619 n. 7.

After considering the interests of judicial economy, convenience, fairness and comity, this Court declines to exercise over the Plaintiffs' state law claims. The Plaintiffs originally brought their case in state court and state court is obviously the Plaintiffs' preference. In addition, the Supreme Court has indicated its preference that the federal courts dismiss the state claims as well if the federal claims are dismissed before trial. Since no federal claims remain, the Court **remands** Plaintiffs' state claims. Accordingly, it is

**ORDERED** that the Defendant's Motion for Summary Judgment as to the procedural due process, substantive due process, and

**1586**

equal protection claims under 42 U.S.C. § 1983 (Docket No. 49) be **GRANTED;** the counts of (1) declaratory judgment and (2) injunction be **remanded** to the State Court, and the Clerk of the Court **SHALL** enter judgment consistent with this order.