**Joan HENNIGER, Plaintiff,**

v.

**PINELLAS COUNTY, a Political Subdivision of the State of Florida, Defendants.**

**No. 97–2838–Civ–T–17–A.**

United States District Court,
M.D. Florida,
Tampa Division.

June 25, 1998.

Jawdet I. Rubaii, Law Office of Jawdet I. Rubaii, Clearwater, FL, for Joan Henniger, Plaintiff.

James Lee Bennett, Pinellas County Attorney's Office, Clearwater, FL, for Al Navaroli, individually Defendant.

David Stanley Sadowsky, Pinellas County Attorney's Office, Clearwater, FL, for Pinellas County, a Political Subdivision of the State of Florida, Defendant.

## *ORDER ON DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT AND ORDER ON PLAINTIFFS MOTION FOR SUMMARY JUDGMENT*

KOVACHEVICH, Chief Judge.

This cause is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 14), Defendants' Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 24), Plaintiff's Response in Opposition to Motion to Dismiss Amended Complaint (Docket No. 20). Plaintiff's Motion for Summary Judgment and for Preliminary Injunction (Docket No. 22), Plaintiff's Memorandum in Support of Motion for Summary Judgment and Preliminary Injunction (Docket No. 23). and Defendant's Response in Opposition to Motion for Partial Summary Judgment (Docket No. 30).

## DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

### POSTURE OF THE CASE

The Amended Complaint and Demand for Jury Trial [Injunctive Relief Sought] in this action was filed on February 12, 1998, (Docket No. 13). The relevant facts, as pled and accepted as true for the purposes of this motion only are summarized in the Court's previous order (Docket No. 29) and restated as follows:

Plaintiff owns real estate in Pinellas County, Florida. Plaintiff applied for and received a construction permit from Pinellas County to construct a "pool house" on her property. Plaintiff asserts that she has made a number of expenditures and has initiated construction in reliance on said permit. Plaintiff contends that the County initially inspected and approved all of the construction; however, the County subsequently issued a "stop work" order that brought Plaintiff's construction to a halt. Plaintiff asserts that the current state of the construction creates a nuisance on her property. Plaintiff claims that there was absolutely no reason to issue the stop work order and that her property is subject to damage because the roof was not completed before the order was issued. Moreover, Plaintiff asserts that the unfinished construction creates a health hazard on her property.

Defendant filed a Motion to Dismiss (Docket No. 14) claiming that this Court lacks jurisdiction over Plaintiff's causes of action and that Plaintiff has failed to state a claim upon which relief can be granted because Plaintiff has failed to seek appropriate administrative remedies at the state level.

### STANDARD OF REVIEW

Under *Conley v. Gibson*, a district court should not dismiss a complaint for "failure to state a claim unless it appears beyond a doubt the Plaintiff can prove no set of facts" that would entitle the Plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *see also Bracewell v. Nicholson Air Services, Inc.*, 680 F.2d 103, 104 (11th Cir.1982). To survive a motion to dismiss, a Plaintiff may not merely "label"

his or her claims. *Blumel v. Mylander*, 919 F.Supp. 423, 425 (M.D.Fla.1996). At a minimum the Federal Rules of Civil Procedure require a "short plain statement of the claim" that will "give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests," *Conley*, 355 U.S. at 47 (quoting Fed.R.Civ.P. 8(a)(2)).

In deciding a motion to dismiss, a court can examine only the four (4) corners of the complaint. *See Rickman v. Precisionaire, Inc.*, 902 F.Supp. 232 (M.D.Fla.1995). The threshold sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir.1985) (citation omitted). Also, a court must accept a Plaintiff's well pled facts as true and construe the complaint in the light most favorable to the Plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *see also Howry v. Nisus, Inc.*, 910 F.Supp. 576 (M.D.Fla.1995). However, when on the basis of a dispositive issue of law no construction of the factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate. *See Executive 100, Inc. v. Martin County*, 922 F.2d 1536 (11th Cir.1991); *see also Powell v. United States*, 945 F.2d 374 (11th Cir.1991).

### DISCUSSION

The Amended Complaint contains the following causes of action against the County Count I—Arbitrary and Capricious Due Process Violation, claim under 42 U.S.C. § 1983. Count III—Equal Protection; Count IV—Substantive Due Process Violation claim under 42 U.S.C. § 1983. Count V—Injunctive Relief. and Count VI—Declaratory Action. The Court notes that there is no Count II in the Amended Complaint. The Court will discuss the grounds for dismissal and other issues raised by the defendant in the order they appear in the Memorandum in support of defendant's Motion to Dismiss.

#### Count I: Arbitrary and Capricious Due Process Violation under § 1983

**Failure to State a Claim for Procedural Due Process**

A violation of procedural due process may provide the foundation for a § 1983

claim. *North Florida Educational Development Corp. v. Woodham*, 942 F.Supp. 542, 550 (N.D.Fla.1996) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990)). In procedural due process claims, the deprivation by the state of a constitutionally protected interest in property is not itself unconstitutional. *Zinermon*, 494 U.S. at 125, 110 S.Ct. at 983. The unconstitutional act occurs when the deprivation is without due process of law. *Woodham*, 942 F.Supp. at 550. A valid procedural due process claim must contain two elements: (1) a deprivation of a protected interest; and (2) an absence of due process. *Id.* (quoting *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428, 102 S.Ct. 1148, 1153–54, 71 L.Ed.2d 265 (1982)).

■ First, this Court considers the existence of a protected interest. It is a well established principle that a vested right may be created in a building permit under the doctrine of equitable estoppel. *Hy Kom Development Co. v. Manatee County*, 837 F.Supp. 1182, 1187 (M.D.Fla.1993) (quoting *City of Boynton Beach v. Carroll*, 272 So.2d 171 (Fla.App. 4th DCA 1973) *cert. denied* 279 So.2d 871 (Fla.1973)). Equitable estoppel arises where a landowner has in good faith made some substantial change in position in reliance upon the permit. *Id.* (quoting *City of Hollywood v. Hollywood Beach Hotel Co.*, 283 So.2d 867, 869–870 (Fla.App. 4th DCA 1973)).

■ Plaintiff alleges that she relied on the permit issued by Defendant and paid for a foundation, masonry, roof sheathing and wall framing. In addition, Plaintiff alleges that she purchased another parcel of land in reliance upon the permit. Plaintiff's alleged expenses as well as the substantial changes to the property made in reliance upon the permit are sufficient for this Court to find that Plaintiff has alleged a property interest in the building permit as to be accorded the protection of § 1983.

The Court considers the second element of the analysis: whether due process was accorded. Plaintiff alleges that she was denied procedural due process because she was denied a fair hearing, notice, and the opportunity to be heard *prior* to the issuing of the stop work order.

■ Defendant argues that Plaintiff failed to pursue available county and state remedies after the stop work order was issued, and moves to dismiss Count 1 for failure to state a claim. Defendant refers the Court to *McKinney* where the court held that a procedural due process claim is not complete "unless and until the State fails to provide due process." *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir.1994) (quoting *Zinermon*, 494 U.S. at 125, 110 S.Ct. at 983. 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100). *McKinney* continues, saying that a state may cure a procedural deprivation by providing a post-deprivation remedy. *Id.* Only when procedural remedies are denied does a constitutional violation become ripe under 42 U.S.C. § 1983. *Id.* Defendant argues that the Plaintiff has failed to allege a procedural due process violation because she has not claimed that the state deprived her of administrative remedies. Defendant further alleges that Plaintiff has not pled that it would have been futile to pursue county and state procedural remedies. Finally, the Defendant states that Plaintiff "could have, should have, but chose not to bring her procedural due process claim before a state appellate court judge" for a fair hearing and possible equitable relief. (Docket 14. ¶ 10).

■ This Court looks to the Supreme Court's holding in *Parratt* that due process does not require pre-deprivation hearings where such hearings would be impracticable, "that is, where the deprivation is the result of either a negligent or an intentional deprivation of property." *McKinney*, 20 F.3d at 1562–63 (quoting *Parratt v. Taylor*, 451 U.S. 527, 543, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981)). The Supreme Court further held that due process merely requires a "post-deprivation 'means of redress for property deprivations satisfy[ing] the requirements of procedural due process.'" *Id.* A violation of procedural due process only occurs when the state refuses to make available a means to remedy the deprivation. *Id.*

Defendant claims that, under Florida law, local governmental decisions on building permits are quasi-judicial in nature and thus are entitled to certiorari review. *Park of Commerce Associates v. Delray Beach*, 636 So.2d

12, 15 (Fla.1994). Defendant further alleges that Plaintiff failed to address this remedy either by alleging the futility exception or by showing that the state refused to provide the judicial remedy.

■ This Court agrees that decisions on building permits are judicial in nature, looking to The Reserve which specifically held that "*both* the issuance and revocation of the building permit constitute executive [judicial] and not legislative acts." *Reserve, Ltd. v. Town of Longboat Key*, 933 F.Supp. 1040 (M.D.Fla.1996) (emphasis added).

When the state court reviews a local government act, the court determines whether procedural due process was accorded. *City of Deerfield Beach v. Vaillant*, 419 So.2d 624, 626 (Fla.1982). If a procedural violation of due process is found, the court will grant relief by quashing the local order. *National Advertising Co. v. Broward County*, 491 So.2d 1262, 1263 (Fla. 4th DCA 1986).

■ Plaintiff has not alleged that the state failed to provide her with administrative and judicial remedies after the stop work order was issued. Therefore this Court finds that even when viewing the record in the light most favorable to the Plaintiff, she is unable to raise a genuine issue of material fact which would satisfy the second element of the test and support a § 1983 claim on procedural due process grounds.

### Count I and IV: Arbitrary, and Capricious Substantive Due Process

**Failure to State a Claim for Arbitrary and Capricious Due Process Violation**

Plaintiff asserts that the her property right enjoys substantive due process protection because "she was deprived [of] a [c]onstitutionally protected interest ... with respect to her federally recognized right to own her land and put it to a lawful use." (Docket 20, p. 6). Alleging that the structure was within the permitted use of her property and in compliance with applicable building codes, Plaintiff claims substantive due process protection and refers the Court to *Moore v. City of Tallahassee*, 928 F.Supp. 1140, 1145 (N.D.Fla.1995). In the aforementioned case, the court discusses four types of substantive due process claims: (1) just compensation;

(2) due process takings; (3) arbitrary and capricious; and (4) equal protection. *Id.* (quoting *Eide v. Sarasota County*, 908 F.2d at 716). *Moore* focuses exclusively upon the arbitrary and capricious due process claim. Because Plaintiff's Response to Defendant's Motion to Dismiss fails to specify the applicability of *Moore*, this Court assumes that Plaintiff makes the argument that because the Defendant's actions were arbitrary and capricious, without any substantial relation to the general welfare of the community and without good faith, the violation enjoys substantive due process protection.

■ As applied arbitrary and capricious due process claims are ripe when the decision being challenged is final. *Eide v. Sarasota County*, 908 F.2d 716, 725 (11th Cir. 1990). A landowner cannot assert an as applied challenge to a decision that is not final because, in effect, a decision has not yet been made. *Id.*

Defendant alleges that Plaintiff's claim fails to plead either: (1) a final decision was obtained after available administrative measures were exhausted; or (2) it would be futile to pursue a final decision through the procedures. Defendant alleges that Plaintiff merely states that the stop work order is a final order.

■ This Court agrees. While Plaintiff asserts that the stop work order is final, the order on its face allows for resumption of work upon clearance from the Zoning Department. (Docket No. 24). Additionally, Pinellas County Code 103.3, which codifies stop work order requirements, provides conditions whereby work may be resumed. *Id.* Finally, Plaintiff has failed to allege that she either: (1) exhausted available administrative and judicial measures to obtain a final order; or (2) that it would be futile to pursue a final decision through the procedures. Therefore, even when viewing the record in the light most favorable to the Plaintiff, she has not sufficiently alleged that the stop work order was final as applied to the property at issue, and Counts I and IV of the Amended Complaint regarding the arbitrary and capricious due process violation fail for ripeness.

## Substantive Due Process

The Court is compelled to further address the question of substantive due process protection for a property right vested by equitable estoppel in a building permit. In *Hy Kom Development Co.*, this Court previously determined that equitable estoppel may create a vested property right in a building permit. *Hy Kom Development Co. v. Manatee County*, 837 F.Supp. 1182, 1186 (M.D.Fla. 1993). In the previously discussed case, this Court found that the plaintiff's allegations of detrimental reliance on the building permit, including a construction loan and related expenses in excess of $2.5 million, were sufficient to create a vested property interest through the doctrine of equitable estoppel. *Id.* This Court further held that this properly right enjoyed constitutional due process protection *Id.* In the case at bar. Plaintiff has sufficiently alleged a vested property right in the building permit through the doctrine of equitable estoppel.

The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Supreme Court's interpretation of this clause provides two different kinds of constitutional protection: procedural due process and substantive due process. *McKinney*, 20 F.3d at 1555 (quoting *Zinermon v. Burch*, 494 U.S. 113, 125, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990)).

Once it has been established that the due process clause applies to an issue, the question remains what process is due. *Cleveland Board of Education v. Loudermill et al.*, 470 U.S. 532, 534, 105 S.Ct. 1487, 1489, 84 L.Ed.2d 494 (1985). A substantive due process right is protected against government actions regardless of the fairness of procedures used to implement them. *McKinney*, 20 F.3d at 1556 (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 123–25, 112 S.Ct. 1061, 1068, 117 L.Ed.2d 261 (1992)1 (quoting *Daniels v. Williams*, 474 U.S. 327, 331, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986)).) "Because [a substantive due process] right is fundamental, no amount of process can justify the infringement." *Id.* On the other hand, a procedural due process violation is only ripe when the State fails to provide due process. *Id.* (quoting *Zinermon*,

494 U.S. at 123, 110 S.Ct. at 983, 108 L.Ed.2d 100 (1990)). Consequently, the relief granted for a substantive due process violation is monetary while process-based remedies are primarily equitable. *Id.*

In determining which protection is afforded a property right in a building permit, this Court looks to the recent decision of *Reserve*, 933 F.Supp. 1040. The court in *Reserve* explicitly held that a properly interest in a revoked building permit is created by state law and falls short of the fundamental right "implicit in the concept of ordered liberty" *Id.* at 1044. Property interests created only by state law do not enjoy the same substantive due process protection as rights created only by the Constitution. *McKinney* 20 F.3d at 1556. Rather, property rights created only by state law are afforded procedural due process protection. *Id.* Therefore this Court finds that a vested property right in a building permit enjoys procedural and not substantive due process protection. As such, when viewing the record in the light most favorable to the Plaintiff, Count IV of Plaintiff's Amended Complaint fails to state a claim for a substantive due process violation.

### Count III: Equal Protection

Plaintiff alleges that she was discriminated against by the Defendant because she was not treated in a manner similar to landowners "presently having or seeking to erect accessory structures as a permitted use." (Docket 13¶ 26).

This Court has recently reaffirmed the elements that a plaintiff must show in order to establish an equal protection claim: (1) differential treatment from others similarly situated; and (2) intentional discrimination. *Baggs v. City of South Pasadena*, 947 F.Supp. 1580, 1584–85 (M.D.Fla.1996). In the case at bar, Plaintiff has not pled that she was treated differently from other landowners or "similarly situated" entities whose work was halted after the issuance of a stop work order. In addition, Plaintiff has not pled that the discrimination was intentional. Finally, Plaintiff has failed to show that the stop work order was a final order as required by the ripeness doctrine. *Eide*, 908 F.2d at

723–24. Therefore, when viewing the record in the light most favorable to the Plaintiff. Count III of Plaintiff's Amended Complaint fails to state a claim.

### Count V: Injunctive Relief

Florida law requires a party seeking injunctive relief to demonstrate (1) irreparable harm; (2) a clear legal right; (3) an inadequate remedy at law; and (4) consideration of the public interest. *St. Lucie County v. Town of St. Lucie Village,* 603 So.2d 1289, 1292 (Fla.App. 4th DCA 1992) (quoting *Hiles v. Auto Bahn Federation, Inc.,* 498 So.2d 997 (Fla.App. 4th DCA 1986)). In the Amended Complaint, Plaintiff asserts her vested property right through the doctrine of equitable estoppel. Plaintiff's detrimental reliance on the permit establishes a clear legal property interested protected by the procedural due process clause of the Constitution. In addition, the Court can glean from the Complaint that Plaintiff asserts a public interest with the allegation that the structure has engendered neighborhood complaints. (Docket No. 13, ¶ 23). However Plaintiff fails to allege any *irreparable* harm or inadequate remedy at law. Instead, Plaintiff argues that Defendant's motion to dismiss "makes little sense." (Docket No. 20, p. 10). This Court disagrees with Plaintiff's analysis.

 When an order is quasi-judicial, the appropriate review is by certiorari. *Hernando County v. Franklin,* 666 So.2d 602, 603 (Fla.App. 5th DCA 1996). Injunctive relief is the remedy for legislative actions. *Id.* As previously stated. the revocation of a building permit is quasi-judicial and therefore the proper remedy is by certiorari. While Plaintiff has not alleged that the permit was revoked, the temporary stop work order is within the scope of a quasi-judicial act relating to the issuance or revocation of a building permit. Plaintiff has failed to allege that the State refused to provide her with judicial review. Therefore, when considering the record in the light most favorable to the Plaintiff, this Court finds that Plaintiff has failed to seek appropriate relief in Count V of the Amended Complaint.

### Count VI: Declaratory Action

Plaintiff re-asserts the claim that the stop work order was a non-judicial executive or-

der. This Court re-affirms the aforementioned classification of the stop work order as a quasi-judicial act entitled to certiorari review by state courts. The appropriate review for a judicial action is by certiorari. *Hernando,* 666 So.2d at 603. Plaintiff has failed to allege that certiorari was unavailable. Plaintiff has failed to allege that certiorari was pursued. Therefore, Count VI of the Amended Complaint is dismissed for lack of jurisdiction because the appropriate forum to review a quasi-judicial action of a stop-work order is by certiorari. *Id.*

Plaintiff asserts that the Defendant "has alot of explaining to do" with, regard to. the stop work order. (Docket No. 20 p. 9). While this may be true, the proper procedures must be followed in the effort to obtain that explanation before a violation of procedural due process can be addressed by this Court. Therefore it is

**ORDERED** that Defendant's Motion to Dismiss (Docket No. 14) be **GRANTED**; Plaintiff's Motion for Summary Judgment (Docket No. 22), be DENIED as moot; and this cause of action be dismissed because the issues are not ripe for adjudication.