**STATE OF VERMONT**
**ENVIRONMENTAL COURT**

|  |  |  |
|---|---|---|
| | } | |
| In re: Irish Construction Application | } | Docket No. 44-3-08 Vtec |
| | } | |

## Decision on Motions to Strike and Clarify

Appellant Kevin Irish has appealed a decision of the Town of Bristol Zoning Board of Adjustment ("ZBA"), denying in part and granting in part Mr. Irish's application to construct a porch that wraps around the accessory apartment/garage located on his property at 269 Notch Road. Mr. Irish represents himself in this proceeding. The Town of Bristol ("Town") is represented by William E. Flender, Esq. Interested Person Fred Schroeder has entered an appearance, but has not yet filed the form required to acknowledge his intent to appear pro se; he has also not filed any responsive memoranda to the pending motions.

The Town has filed a motion to strike all of the questions in Mr. Irish's Statement of Questions, portions of Mr. Irish's Notice of Appeal, as well as some of the additional materials Mr. Irish filed with the Court. In response, Mr. Irish filed a motion to clarify his Statement of Questions, by which he seeks to rephrase the Questions to satisfy some of the Town's concerns. Attached to Mr. Irish's motion is a clarified Statement of Questions.[1]

## Factual Background

The Town has moved to strike all of Mr. Irish's clarified Statement of Questions as well as parts of his Notice of Appeal and papers filed with the Court on April 29, 2008. So as to put the pending motions in context, we recite the following material facts, but do so only for purposes of the pending motions. We are not, after all, at the stage in this proceeding of rendering factual findings. See Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14, 24 (citing Fritzen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000) (mem.)).

---

[1] The Town also filed a motion for summary judgment on June 16, 2008. Mr. Irish has not filed a reply. It is unclear to the Court if Mr. Irish may have delayed his response to the Town's summary judgment motion until after the Court ruled on the pending motions to strike and clarify. We will therefore afford Mr. Irish an additional ten business days to submit a reply, if he so wishes. The Court will thereafter address the Town's summary judgment request in a separate decision.

1.      Mr. Irish owns a roughly 2.5-acre lot at 269 Notch Road in the Town of Bristol.  The lot is bisected by a stream or brook of unknown size.  Mr. Irish contends that this stream or brook "dries up to almost a trickle that a person can step across."

2.      On May 31, 2005, the Town of Bristol Zoning Administrator issued Mr. Irish a permit to construct a 26-foot by 32-foot, two-story garage on his lot.

3.      On July 29, 2007, the ZBA approved Mr. Irish's application for an already-constructed accessory apartment above the previously approved garage.  Approval for the apartment contained two conditions: first, that Mr. Irish supply the Zoning Administrator with documentation that the existing in-ground septic systems had adequate capacity to meet applicable environmental protection rules and were performing properly; and second, that Mr. Irish submit a complete septic plan for the accessory apartment and the separate single-family residence on the same parcel.

4.      On or about November 1, 2007,[2] Mr. Irish applied to the Zoning Administrator for another permit, this time so that he could construct a porch for the accessory apartment, attached to the second story, above the garage.  The Zoning Administrator denied his application on November 21, 2007, explaining that it was difficult to determine whether the porch would meet front yard or waterside setbacks.

5.      Mr. Irish appealed the Zoning Administrator's decision to the ZBA on November 26, 2007.  Under the "Specific relief requested" portion of his application to the ZBA, Mr. Irish listed "set back of [porch] from brook."  A public hearing was held on February 12, 2008, and the ZBA issued its decision on February 19, 2008.

6.      The ZBA's February 19, 2008 Notice of Decision contained several factual findings.  Several of these factual findings refer to Mr. Irish's zoning history relative to this garage/ apartment project, including the ZBA's assertion that Mr. Irish has, at times, begun construction without first obtaining the necessary zoning permits, including beginning construction on the accessory apartment and porch without a permit.  Mr. Irish takes issue with this assertion.

7.      In addition to these findings, the ZBA decision included specific findings that the stream or brook running through Mr. Irish's lot qualifies as a "significant public water" under the Zoning Bylaws, and that Mr. Irish's proposed porch would violate applicable setbacks from

---

[2]  This application form does not contain a place for an applicant to indicate the date of application.  The November 1 date is derived from a handwritten notation on the form that indicates that Mr. Irish paid a $25 application fee on November 1, 2007.

2

these significant public waters. See Zoning Bylaws § 547(a) (establishing a rear yard setback minimum of 50 feet for any new structure, enlargement of an existing structure or mining activities that abut "significant public waters").

## Discussion

At the outset, we note that the Town replied to Mr. Irish's motion to clarify by letter, asserting that the clarified version of Mr. Irish's Statement of Questions "merely" rephrases the issues raised by Mr. Irish's original Statement of Questions and places them in question form. See Letter from William E. Flender, Esq., to Environmental Court Manager (filed May 22, 2008) (arguing that because the substance of Mr. Irish's Questions remained unchanged, the Town's motion to strike should still be granted as to Mr. Irish's clarified Statement of Questions). Although titled as a motion to strike, we consider the Town's motion regarding the Statement of Questions as a motion to dismiss Appellant's Questions, pursuant to V.R.E.C.P. 5(f).

When the Town made the additional request to strike statements, pictures, and other evidentiary representations in Appellant's filings of April 1 (including his Notice of Appeal) and April 29, Mr. Irish responded that he did not object to the striking of these items, on the condition that he would be allowed to introduce such evidence at trial. We agree with the Town that an appellant's initial filings, including their notice of appeal and statement of questions, are not the appropriate vehicles for presenting evidence, and we agree with Mr. Irish that such evidence may prove to be relevant and otherwise admissible at some later stage in these proceedings. We will address the admissibility of any offered evidence at the appropriate time. Based upon Mr. Irish's representation, we hereby **STRIKE** the photos and other evidentiary representations Mr. Irish filed with the Court on April 1 and 29, with the understanding that Mr. Irish may later seek to introduce such evidence. If Mr. Irish seeks to introduce such evidence in response to the Town's pending summary judgment motion, the Court will make the appropriate evidentiary ruling at that time.

We now return to the Town's assertion that Appellant's clarified Questions should be stricken or dismissed.

Any statement of questions can be subject to motions to clarify or dismiss some or all of its questions. V.R.E.C.P. 5(f). Appellants in a municipal land use appeal are obligated to present a short, plain statement of the issues and scope of the appeal; this is the primary responsibility an appellant must fulfill when filing a statement of questions. See Appeal of

3

<u>Rivers Dev.</u>, Docket Nos. 7-1-05 Vtec & 68-3-07 Vtec, Corrected Decision on Rivers's Initial Motions at 14 (Vt. Envtl. Ct. Jan. 18, 2008) (Durkin, J.).

As a preliminary matter, we note that Mr. Irish has moved for permission to clarify his Questions, and the Town appears to have filed no objection to that specific request, absent the Town's continued claim that his Questions, even when revised, should be dismissed. To that extent, we **GRANT** Mr. Irish's motion to clarify. We also note that in his motion, Mr. Irish represents that he wishes to withdraw his original Question 5; Question 5 is therefore **STRICKEN**. We now address the Town's request that we strike or dismiss the remaining Questions from Mr. Irish's clarified Statement of Questions.

The Town must meet a heavy burden before this Court will dismiss claims before trial. As is often noted by our Supreme Court, when a court is considering whether to dismiss a litigant's claims before trial, the court must "accept all of the nonmoving party's alleged facts as true to determine whether there are any circumstances that may entitle that party to relief." <u>Kane v. Lamothe</u>, 2007 VT 91, ¶ 2. Taking all the facts alleged in Mr. Irish's clarified Statement of Questions as true, we consider whether it appears beyond doubt that no facts or circumstances exist that would entitle him to the relief that he seeks from this Court. <u>In re Appeal of Yates</u>, Docket No. 158-9-04 Vtec, slip op. at 4-5 (Vt. Envtl. Ct. Apr. 17, 2007) (Durkin, J.).

The Town asserts in its motion that many of Mr. Irish's clarified Questions are irrelevant to the issues over which this Court has jurisdictional authority in this appeal, meaning that even if Mr. Irish were to prevail on the factual issues presented, he still could not prevail in securing approval of his application. The Town's motion resembles a motion to dismiss for failure to state a claim upon which relief can be granted under V.R.C.P. 12(b)(6), a rule that potentially applies to these proceedings. See V.R.E.C.P. 5(a)(2) (incorporating the Rules of Civil Procedure so far as applicable and unmodified by V.R.E.C.P. 5(b)-(e)).

"Motions to dismiss for failure to state a claim are disfavored and should be rarely granted." <u>Bock v. Gold</u>, 2008 VT 81, ¶ 4. The threshold for surviving such a motion is "exceedingly low." <u>Id</u>. (quoting <u>Henniger v. Pinellas County</u>, 7 F. Supp. 2d 1334, 1336 (M.D. Fla. 1998)). Our review of the Town's pending motion is therefore from the perspective of this significant threshold, given that we are at the preliminary stage of these proceedings.

Question 1(A) of Mr. Irish's clarified Statement of Questions asks whether Regulations § 547 is lawful and constitutional if it does not define the term "significant public water."

4

Within the broad confines of our jurisdictional limits, we cannot conclude at this time that this Question should be stricken. This Court is empowered to hear specific matters, see 4 V.S.A. § 1001(b), including the jurisdictional authority to hear constitutional challenges to the provisions of any zoning regulation, see 24 V.S.A. § 4472(b). Mr. Irish by his Question 1(A) challenges the constitutional authority of the ZBA Decision and the Regulation upon which it was based. We therefore conclude that we have jurisdiction to consider his Question 1(A).

The Town also argues that all of the pending Questions ought to be dismissed for failure to phrase them as questions. We reject this argument for two reasons. First, Mr. Irish has now secured our permission to reform and rephrase his Statement of Questions in the proper grammatical format, thereby resolving this issue. Second, while our review is generally limited to issues raised by an applicant's statement of questions, "[t]he literal phrasing of the question cannot practically be considered in isolation from the . . . action that prompted the appeal." In re Jolley Assocs., 2006 VT 132, ¶ 9, 181 Vt. 190, 194. Even with a concession from Mr. Irish that his Questions were poorly phrased, we conclude that dismissal is a harsh and inappropriate response at this time. We therefore conclude that the Town's motion to strike Mr. Irish's Question 1(A) should be **DENIED**.

Question 1(B) of the clarified Statement of Questions ask whether "the Town can prove that the brook is a significant public water," as Mr. Irish contends that this stream or brook may not be a significant public water under the Zoning Bylaws. See Zoning Bylaws § 547(a) (establishing a rear yard setback minimum of 50 feet for any new structure, enlargement of an existing structure, or mining abutting "significant public waters"). Through Question 1(B), Mr. Irish alleges that the stream or brook is insignificant and not worthy of this regulatory distinction. Mr. Irish has alleged that this stream or brook does not factually fit the definition of the term "significant public water." Within the context of the pending motion, we conclude that this Question could provide a basis for Mr. Irish to secure the relief he seeks. We therefore **DENY** the Town's request that Question 1(B) be stricken.

Question 2 asks whether it is "lawful for the ZBA or this Court to make a zoning decision based on an alleged previous violation having nothing to do with this permit application." This appears to be a reference to the parts of the ZBA's factual findings that indicate its belief that Mr. Irish has previously developed his property without first obtaining the necessary permits. The Town contends that dismissal of Question 2 is appropriate because our de novo review of

5

Mr. Irish's application requires us to look at this issue anew and would therefore render this concern "irrelevant." We agree with the Town on this point.

In this de novo appeal, our role is to apply "the substantive standards that were applicable before the tribunal appealed from." 10 V.S.A. § 8504(h). We are directed to apply those standards anew, "as though no prior action had been taken." In re: Gizmo Realty/VKR Assocs., Docket No. 199-9-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. Apr. 30, 2008) (Durkin, J.) (quoting In re: Unified Buddhist Church, Inc. Indirect Discharge Permit, Docket No. 253-10-06 Vtec, slip op. at 4 (Vt. Envtl. Ct. July 31, 2007) (Wright, J.); In re: Miller Conditional Use Application, Docket No. 59-3-07 Vtec, slip op. at 6 (Vt. Envtl. Ct. Nov. 5, 2007) (Durkin, J.)). In the context of this appeal, because we are directed to apply the standards contained in the Zoning Bylaws as though the ZBA had not acted on this permit, the question of whether it was proper for the ZBA to deny this application because of alleged prior zoning violations is beyond the scope of this appeal. In addition, because the Court will apply the Zoning Bylaws' standards anew, we will only consider prior violations if the Zoning Bylaws so require or allow. We therefore **DISMISS** Question 2 as not applicable to the issues that we will address in this de novo proceeding.

Question 3 asks whether it is "proper to consider this application the extension of a nonconforming use where a building permit was issued for this building in 2005[,] predating the adoption of [Zoning Bylaws § 547 regarding] public waters setbacks." The Town argues that this Question should be dismissed, contending that the question of whether the garage is non-conforming is irrelevant to whether the porch complies with the Zoning Bylaws. However, when Mr. Irish applied to the ZBA for review of the Zoning Administrator's decision, Mr. Irish listed "set back of [porch] from brook" as one of the questions he asked the ZBA to address. Because Mr. Irish sought review of whether his porch was subject to the § 547 setback requirements, we must ascertain whether those setback requirements are applicable to Mr. Irish's current application, including whether this porch qualifies as a lawful extension of a nonconforming use. Therefore, the Town's motion to strike Question 3 is **DENIED** at this time, and Mr. Irish is afforded an opportunity to present evidence to support his assertion.

Question 4 asks whether it is "proper to deny [this permit] based on setbacks from public waterways where the [2005 garage permit approval] allowed a building footprint [larger than the footprint of the building actually built]," where the porch would use structural metal beams that were built as part of the permitted garage, where all of the porch is above-ground and on the

6

second level of the garage, and where there would be no interference with the "alleged public water." Question 4 appears to assert that this porch is no more than an effort to complete the garage pursuant to an earlier grant of permitting authority. Mr. Irish appears to assert that the porch is part of the garage, and therefore the permit to build the garage also included authority to build this porch. The Town asserts that questions related to the scope of authority granted by the garage building permit are not relevant to whether the Court may approve Mr. Irish's porch application. Mr. Irish has alleged a fact—that the scope of the garage permit includes permission to build this porch—that if true would make securing new permitting authority unnecessary. While it is premature for us to pass judgment on the merits of his argument at this stage of the proceeding, we conclude that Mr. Irish could succeed if he were able to present convincing evidence that his original application for a garage construction permit resulted in specific authority to construct the second story, wrap-around porch. We therefore conclude that the Town's motion to strike Question 4 should be **DENIED**.

Question 6 asks whether the permit granted on July 29, 2007 for the apartment impliedly granted Mr. Irish approval to also construct a fire exit for the apartment. Mr. Irish appears to suggest through Question 6 that this porch would fulfill any such fire exit requirement. The Town considers this information irrelevant and asks that Question 6 be dismissed. While the Town's legal argument here may ultimately prevail, it is premature to dismiss this Question now. Question 6 broadly asserts that the permit granting authority for the apartment also included authority to construct a fire exit and that construction of this porch is included in that authority. In short, this Question appears to ask whether Mr. Irish had pre-existing authority to construct this porch because of the interplay between the Zoning Bylaws and some as-yet-unspecified state regulations that would make securing permit approval for this porch unnecessary.

If Mr. Irish had been granted such broad permit authority, as he appears to claim in Question 6, we cannot say that such authority would be "irrelevant." Therefore, we must **DENY** the Town's motion to strike Question 6 at this time and await the receipt of Mr. Irish's evidence to substantiate his allegations.

Accordingly, it is **ORDERED** and **ADJUDGED** that the Town's motion to strike Question 2 of the Statement of Questions is **GRANTED**. Mr. Irish has withdrawn Question 5, which is therefore **STRICKEN** from this appeal. Further, Mr. Irish has agreed that the photos and extraneous factual statements in his Notice of Appeal and other filings on April 1 and 29,

7

2008, may be **STRICKEN** and we so order.[3]  In all other respects, namely as to Questions 1, 3, 4 and 6, the Town's motion to strike or dismiss is hereby **DENIED**.

Mr. Irish is reminded that any response to the Town's pending motion for summary judgment must be received by the Court, with copies delivered to the Town and Mr. Schroeder, no later than **Monday, September 22, 2008**.

Done at Berlin, Vermont this 9th day of September, 2008.

_____
Thomas S. Durkin, Environmental Judge

---

[3]  Nothing contained in this Decision shall be regarded as a determination on the later relevancy, materiality, or admissibility of the photos or other evidence Mr. Irish filed on April 1 and 29, 2008.