Haggerty v. Hathaway, No. 435-12-12 Bncv (Howard, J., Mar. 8, 2013)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT

| | |
|---|---|
| SUPERIOR COURT<br>Bennington Unit | CIVIL DIVISION<br>Docket No. 435-12-12 Bncv |

| | |
|---|---|
| Leo Haggerty<br> Plaintiff<br><br>v.<br><br>William Hathaway, Brenda Hathaway, and<br>Town of Bennington Rescue Squad, Inc.<br> Defendants | |

**Decision and Order Re: Motion to Dismiss**

Procedural History

Defendant Rescue Squad filed a motion to dismiss on December 31, 2012. Plaintiff opposed the motion to dismiss on February 1, 2013. The Rescue Squad responded to the opposition on February 11, 2013.

Factual Background

The facts as alleged by plaintiff and if proven would be that Leo Haggerty, Plaintiff, was employed with the Town of Bennington Rescue Squad as a driver and emergency medical technician. On February 1, 2011, Plaintiff went to the Southwestern Vermont Medical Center (SVMC) because of chest pains. Brenda Hathaway worked at as a nurse at SVMC and for the Rescue Squad. On February 2, 2011, Brenda Hathaway accessed Plaintiff's private medical information in violation of the Health Insurance Portability and Accountability Act (HIPPA). On February 9, 2011, Plaintiff filed a formal complaint against Brenda Hathaway with SVMC. SVMC later reprimanded Brenda Hathaway for violating HIPAA.

On February 10, 2011, the Rescue Squad removed Plaintiff from their normal schedule. William Hathaway, the executive director of the Rescue Squad, later terminated Plaintiff's employment. In a letter dated April 22, 2011, William Hathaway informed Plaintiff he was terminating his employment for driving too quickly and filing a HIPAA complaint against a Rescue Squad employee. Plaintiff sues Defendants for wrongful termination and tortious interference with contractual relations.

Standard of Review

The Court disfavors and rarely grants motions to dismiss. *See Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575. The Court uses motions to dismiss to evaluate the law in a pleading. *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002). Accordingly, the Court will only grant a motion to dismiss when there are "no facts or circumstances, consistent with the complaint that would entitle Plaintiff to relief." *Bock*, 2008 VT 81, ¶ 4. "[T]he threshold a Plaintiff must cross in order to meet our notice-pleading standard is 'exceeding low.'" *Id.* (quoting *Henninger v. Pinellas County*, 7 F. Supp. 2d 1334, 1336 (M.D. Fla. 1998)). For this motion, the Court assumes the truth of all facts offered by the non-moving party. *Id.* at ¶ 4.

Analysis and Conclusions

The issue is whether the plaintiff can plead grounds for wrongful termination based on retaliatory firing for reporting a HIPAA violation.[1] In Vermont, a plaintiff may sue for a discharge in violation of public policy. *See Adams v. Green Mountain R.R. Co.*, 2004 VT 75, ¶ 5, 177 Vt. 521. The public policy exception applies to more policies than those defined by the legislature. *Id.* Public policy includes "community common sense and common conscience, extended and applied through the state to matters of public morals, public health, public safety, public welfare, and the like." *Id.* (internal quotations omitted). The Vermont Supreme Court has not ruled on whether reporting a HIPAA violation is protected by public policy.

The majority of courts that have addressed this issue conclude reporting a HIPAA violation is protected by public policy. *See, e.g.*, *Glandon v. Keokuk Cnty. Health Ctr.*, 408 F.Supp.2d 759, 770–71 (S.D. Iowa 2005); *Wallace v. Mantych Metalworking*, 2010-Ohio-3765, 937 N.E.2d 177, at ¶¶ 41–46 (Ohio Ct. App. 2010); *Wisdom v. Wellmont Health Sys.*, No. E2010-00716-COA-R9-CV, 2010 WL 5093867, *5 (Tenn. Ct. App. Dec. 10, 2010). The Ohio Court of Appeals held: "[a]n employer that violated an employee's right to keep his medical information confidential and fires the employee when he discovers the violation jeopardizes the public policy favoring confidentiality." *Wallace*, 2010-Ohio-3765, ¶ 44. Similarly, the Tennessee Court of Appeals denied summary judgment on a wrongful termination claim where "plaintiff has shown that she spoke out at a meeting with the state inspector about violations of HIPAA (clear statutory provisions involving patient privacy rights), which had occurred at the hospital, and she was fired within two days." *Wisdom*, 2010 WL 5093867, *5. The Western District of Missouri also rejected a defendant's argument that reporting HIPAA violations was not protected by public policy because HIPAA did not create a private right of action. *See Kusgen v. Lake Reg'l Health Sys.*, No. 2:11-CV-4255-FJG, 2012 WL 2119975, *2 (W.D. Mo. June 11, 2012).

In contrast, a minority of courts bar claims for wrongful termination based on retaliation for reporting a HIPAA violation. *See McComb v. Morgan Stanley & Co.*, No. 07-1049, 2008 WL 942796, * 4 (W.D. Pa. April 7, 2009). The Western District of Pennsylvania addressed this question and granted summary judgment to the defendant because the plaintiff "fail[ed] to refer

---

[1] Plaintiff argued whether Plaintiff was an at-will employee is a disputed material fact. The Court finds this dispute immaterial for the purpose of this motion. If Plaintiff had an employment agreement that required dismissal for cause, then he would still be protected from a discharge that violated public policy.

us to any specific statute, constitutional premise, or decision from this Court to support his position." *Id.* The court offered little reasoning for its conclusion.

In this case, the Court finds reporting a HIPAA violation is protected by public policy. The Vermont Supreme Court directs us to protect the common conscience, public health, and public morals by common sense. *See Adams*, 2004 VT 75, ¶ 5. Society goes to great lengths to protect the privacy and confidentiality of medical records. In addition to HIPAA, Vermont also recognizes an individual's privilege to prevent the dissemination of personal medical information in court proceedings. *See* V.R.E. 503; 18 V.S.A. § 1852(a)(7) (Patients' Bill of Rights for confidentiality of records). Ensuring individuals can exercise these rights without fearing retaliation falls under protecting the common conscience. Accordingly, the Court sides with the majority of other courts and finds retaliation for reporting a HIPAA violation can support a claim for wrongful termination.[2]

The Court finds the alleged facts, if proven, could lead a jury to find in favor of Plaintiff. *See Bock*, 2008 VT 81, ¶ 4. Accordingly, the Court must deny the motion to dismiss.

<u>Order</u>

The Court **denies** Defendant's motion to dismiss (Motion No. 2).

Dated at Bennington, Vermont on March _____, 2013

_____
Superior Judge David Howard

---

[2] The Court also rejects a possible distinction between reporting HIPAA violations of one's own rights versus the rights of a third-party. As far as the Court can determine, only one case has made this distinction and that court gave little reasoning. *See Norton v. N.Y. State Dep't of Corr. Servs.*, No. 12-Civ-1263 (CM), 2012 WL 5873644, *7 (S.D.N.Y. Nov. 19, 2012) ("Obviously, if the facts are as Defendants insist, Plaintiff's interest was entirely personal and hence not protected…"). On the other hand, courts in Ohio and Connecticut suggest the distinction is unimportant. *See Russo v. Healthwise Med. Assocs.*, 42 Conn. L. Rptr. 343 (Conn. Super. Ct. 2006); *Wallace*, 2010-Ohio-3765, ¶¶ 41–46. The Court finds the reasons for protecting reporting HIPAA violations apply with the same force regardless of whether the employee reports violations of the employee's rights or of a third-party's rights.